**EVAN A. SCHMUTZ (3860)**
eschmutz@hjslaw.com
**JORDAN K. CAMERON (12051)**
jcameron@hjslaw.com
**HILL, JOHNSON & SCHMUTZ, L.C.**
River View Plaza, Suite 300
4844 North 300 West
Provo, Utah 84604
Telephone: (801) 375-6600
Fax: (801) 375-3865

<u>Attorneys for Plaintiff Zoobuh, Inc.</u>

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ZOOBUH, INC., a Utah Corporation<br><br>    Plaintiff,<br><br>vs.<br><br>ENVOY MEDIA GROUP, INC., a California Corporation; DOES 1-100<br><br>    Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANT ENVOY MEDIA GROUP INC.'S MOTION TO SEVER UNDER FRCP 21**<br><br>(No Hearing Requested)<br><br>Case No.: 2:11-cv-00516-DB<br><br>Judge Dee Benson |

COMES NOW Plaintiff Zoobuh, Inc. ("**Zoobuh**"), by and through its attorneys of record, hereby submits this Memorandum in Opposition to Defendant Envoy Media Group Inc.'s ("**Envoy**") Motion to Sever Under FRCP 21.

/

/

# INTRODUCTION

Plaintiff Zoobuh properly filed a joint action against the above-named Defendants as Zoobuh asserts a right to relief against each Defendant severally and there is a question of law common to each Defendant. Further, Zoobuh's joinder of the parties into a single action is supported by the Federal Rules which are designed to ensure a just, speedy, and inexpensive determination of the action. Accordingly, Envoy's Motion to Sever should be denied.

# ARGUMENT

I. THIS COURT SHOULD DENY ENVOY'S MOTION TO SEVER BECAUSE ZOOBUH ASSERTS A RIGHT TO RELIEF AGAINST EACH DEFENDANT SEVERALLY, AND THERE IS A QUESTION OF LAW COMMON TO EACH DEFENDANT.

Rule 20 of the Federal Rules of Civil Procedure outlines the circumstances in which the joinder of multiple defendants is permitted. *See* Fed. R. Civ. P. 20. Specifically, defendants "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Here, Zoobuh's right to relief under the CAN-SPAM Act is asserted against the parties severally and joinder is permitted. In *Gordon v. Virtumundo*, the seminal case regarding standing of a plaintiff in a CAN-SPAM case, the 9th Circuit dictated to have standing to pursue a claim under CAN-SPAM "evidence of some combination of operational or technical impairments and related financial costs attributable to unwanted commercial e-mail would suffice." 575 F.3d 1040. 1054 (9th Cir. 2009). The court then stated that "[t]he e-mails at issue in a particular case must, at the very least, contribute to a larger, collective spam problem." *Id*.

Accordingly, in order to have a right to relief under the CAN-SPAM Act, a plaintiff must have suffered some impairment as the result of spam emails that contribute to a larger, collective spam problem.

Because the standing requirement under CAN-SPAM requires a party to demonstrate harm as the result of a larger spam problem, the standing requirement links independent violations of the CAN-SPAM Act by separate email marketers together in such a way that joinder is permitted. Specifically, the independent violative acts of the separate marketers resulted in the harm to plaintiff, which harm vests the plaintiff with a right to relief under the CAN-SPAM Act. *See Gordon*, at 575 F.3d at 1054. Envoy's reference to copyright cases is unavailing as a plaintiff in copyright litigation does not have to meet a similar threshold of harm to have standing to pursue its claims.

Here, the Complaint outlines that each of the named Defendants sent unwanted commercial email during the same time period and to the same recipient Internet Access Service (i.e. Zoobuh). *See* Compl. at ¶¶ 12-15. The Complaint states that these emails, meaning the emails sent by both Envoy and the other Defendants, contributed to a larger spam problem that ultimately resulted in the technical and operation impairments suffered by Zoobuh. *See* Compl. at ¶ 21-22. Consequently, as the result of the harm suffered by Zoobuh due to its receipt of the emails by all Defendants and others, Zoobuh has a right to pursue relief under CAN-SPAM. Through the above-captioned action, Zoobuh seeks to enforce its right to relief under CAN-SPAM against the defendants severally, as they are unrelated entities and are severally responsible for their individual violative acts.

The claims asserted against each of every defendants involve a common question of law. Envoy does not address this prong of the joinder rule, presumably because there can be no dispute that the claims alleged against each of the Defendants are identical (i.e. violations of 15 U.S.C. 7704) and will involve a common question of law. *See* Compl. at ¶¶ 24-50.

With respect to the joinder of parties to a single action, the Federal Rules permit "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). Further, the Federal Rules of Civil Procedure dictate that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Because the harm suffered by Zoobuh, and outlined in the Complaint, is the result of the actions of each Defendant, fairness dictates that Zoobuh should be able to pursue it claims against the Defendants in the same action. Envoy's arguments re fairness are not persuasive. First, Envoy points to an increase in cost as the result of having to litigate with multiple parties. However the electronic filing and service system implemented by the Federal Court completely eliminates this concern. Second, Envoy's argument about delay is unfounded as the parties to this action will be subject to one case management order. Accordingly, the case will move at an appropriate speed regardless of the number of parties involved. In summary, allowing Zoobuh to pursue the claims in a single action will secure a just, speedy, and inexpensive determination of the action.

Because Zoobuh asserts a right to relief against each defendant severally, there is a question of law common to each defendant, and allowing Zoobuh to pursue the claims jointly will ensure a fair, just, speedy, and inexpensive determination of the action, this Court should deny Envoy's Motion to Sever.

II.     THIS COURT SHOULD NOT DROP OR SEVER CLAIMS ALLEGED AGAINST ENVOY BECAUSE PLAINTIFF HAS NOT YET SERVED THE OTHER DEFENDANTS.

Rule 21 of the Federal Rules of Civil Procedure states that "[m]isjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  This rule "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Though Envoy requests that this court drop or sever the claims alleged against it from this action,  such would contravene judicial economy and the civil rules as it would not secure the just, speedy, and inexpensive determination of this action.

To date, Zoobuh has been unable to serve process on Better Broadcasting and Iono Interactive.  Once Zoobuh receives a final declaration from the process server, Zoobuh intends to file a motion for alternate service in order to affect service of process in this matter via U.S. Mail on Better Broadcasting and Iono Interactive, but such has not yet occurred.

Zoobuh has already served Envoy, and Envoy has appeared in this action and filed various responsive pleadings (Motion to Sever and Motion to Dismiss).  Accordingly, the action against Envoy is already underway.  If this Court is inclined to drop or sever any claims, it should sever the claims alleged against Better Broadcasting and Iono Interactive as those parties have not yet been served.  Such would allow the claims against Envoy to proceed in a just, speedy, and inexpensive manner.

/

/

/

## **CONCLUSIONS**

For the reasons set forth above, this Court should deny Envoy's Motion to Sever, or in the alternative, should sever the claims alleged against Better Broadcasting and Iono Interactive, and allow the claims alleged against Envoy media to proceed.

DATED this 28th day of October, 2011.

HILL, JOHNSON & SCHMUTZ, L.C.


/s/ Jordan K. Cameron
Evan A. Schmutz
Jordan K. Cameron
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 28, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Scott S. Bell
    Brandon J. Mark
    Parsons Behle & Latimer
    One Utah Center
    201 South Main Street, Suite 1800
    Salt Lake City, Utah 84111
    *Attorneys for Envoy Media, Inc.*

                                                                   /s/ Jordan K. Cameron\_\_\_\_\_