**EVAN A. SCHMUTZ (3860)**
eschmutz@hjslaw.com
**JORDAN K. CAMERON (12051)**
jcameron@hjslaw.com
**HILL, JOHNSON & SCHMUTZ, L.C.**
River View Plaza, Suite 300
4844 North 300 West
Provo, Utah 84604
Telephone: (801) 375-6600
Fax: (801) 375-3865

**Attorneys for Plaintiff ZooBuh, Inc.**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZOOBUH, INC., a Utah Corporation<br><br>    Plaintiff,<br><br>vs.<br><br>BETTER BROADCASTING, LLC., a Utah limited liability company;  IONO INTERACTIVE, a company doing business in Utah; DOES 1-40<br><br>    Defendants. | **FIRST AMENDED COMPLAINT**<br><br>**(JURY DEMAND)**<br><br><br><br><br><br>Case No.: 2:11-cv-00516-DB<br><br>Judge Dee Benson |

COMES NOW Plaintiff ZooBuh, Inc. ("ZooBuh"), and complains and alleges the

following:

/

/

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff ZooBuh, is a Utah Corporation with its principal place of business in Cedar Hills, Utah, and at all relevant times hereto was duly registered and licensed to do business in the State of Utah.

2. On information and belief, Better Broadcasting, LLC, ("Better Broadcasting") is a Utah limited liability company, with its principal place of business in the state of Utah.

3. On information and belief, Defendant Iono Interactive ("Iono") is a company, with its principal place of business in the state of Utah.

4. On information and belief DOES 1-40 are individuals and companies doing business in association with the above named-defendants, either as shareholders, officers, members, and/or marketing affiliates, some or all or all of whom are alter egos of the names Defendants.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), for violations of the 15 U.S.C. §7701 *et seq.* (CAN-SPAM Act of 2003), and pursuant to 15 U.S.C. § 7706(g)(1) (original jurisdiction) for cases involving a civil action by an internet access service adversely affected by a violation of 15 U.S.C. §7704(A)(!), 15 U.S.C. §7704(b), or 15 U.S.C. § 7704(d), or a pattern and practice that violates subparagraphs (2), (2), (4), and/or (5) of 15 U.S.C. § 7704(a)

6. This Court has personal jurisdiction over the Defendants because the Defendants, and each of them, are residents of the state of Utah, are businesses organized and existing under the laws of the state of Utah, and/or because Defendants have purposefully availed themselves of

the privileges of conducting commercial activity in the forum state, and the exercise of jurisdiction is reasonable since Defendants should have know that they would be subject to the jurisdiction and laws of the forum state when they sent, or had commercial emails sent to email accounts in Utah.

7. Venue is proper pursuant to 18 U.S.C. §1391, as a substantial part of the unlawful actions by the Defendants, and each of them, occurred in this judicial district.

## GENERAL ALLEGATIONS

8. During all times relevant hereto, and through the date of the filing of this Complaint, ZooBuh was a corporation duly existing under the laws of the State of Utah which provided access to, and enabled and hosted email, chat, and blog services for private parties.

9. ZooBuh is a widely and well recognized service provider of email, blog, and chat services.

10. ZooBuh has been featured in magazine articles, books, and news programs.

11. ZooBuh is a bona fide Internet Access Service ("IAS") as defined under 15 U.S.C. §7702(11) and 47 U.S.C. §231(e)(4).

12. The accounts hosted and served by ZooBuh include email accounts owned by third-party customers of ZooBuh, and also include email accounts owned by ZooBuh.

13. On information and belief, none of the owners of the email addresses opted-in or subscribed to receive commercial emails from and of or about the Defendants' products, services, or websites.

14. From around January 2011 to the date of this Complaint, ZooBuh has received at least 12,883 electronic-mail messages ("Email") sent and/or initiated by or on behalf of Better Broadcasting and/or Iono.

15. On information and belief, Better Broadcasting is the "Initiator" of each of the email messages attributable to Better Broadcasting herein, as Better Broadcasting either initiated or procured the initiation of the emails in question.

16. On information and belief, Iono, and various of the DOES 1-100, are "Initiators" as each of them, in some way, initiated or procured the email in question.

17. On information and belief, the individual members of Better Broadcasting, Iono, and/or the Marketers i.e. various of the DOES 1-40, are "Initiators" as each of them, in some way, initiated or procured the emails in question.

18. Each of the emails is a commercial message and contains commercial content.

19. The emails, and each of them, were received by ZooBuh on its mail servers located in Utah.

20. As the result of the receipt of Email messages that violate CAN-SPAM including the receipt of the Emails at issue herein which also violate CAN-SPAM, ZooBuh has suffered harm in the form of the following: has had to create and maintain custom SPAM filtering software, has had to dedicate additional man hours to dealing with SPAM related issues, has had to purchase additional servers and other hardware, has received customer complaints, has lost customers, and has experienced server spikes, slowdowns, and crashes inhibiting ZooBuh's ability to fulfill its contractual obligations with its customers.

21. Each of the emails in question violates multiple CAN-SPAM provisions, and the majority of emails received by ZooBuh resulting in a larger SPAM problem violate the CAN-SPAM Act in one or more ways.

FIRST CAUSE OF ACTION
**CAN-SPAM ACT, 15 U.S.C. § 7704(a)(1)**
(Against all Defendants)

22. Each of the previous paragraphs is realleged herein.

23. The CAN-SPAM Act makes it unlawful to send email messages that contain, or are accompanied by, materially false or materially misleading Header Information.

24. The CAN-SPAM Act defines "materially misleading" as the alteration or concealment of header information in a manner that would impair the ability of [a party] to identify, locate, or respond to a person who initiated the electronic mail message or to investigate the alleged violation, or the ability of a recipient of the message to respond to a person who initiated the electronic message.

25. Many of the emails in question, contain materially false and materially misleading header information as they contain one or more of the following: illegitimate sender email addresses, sender domains, sender IP addresses, and/or sender computer names; header information that is registered to unrelated third parties; header information that was obtained by means of false or fraudulent pretenses (e.g. obtaining sender domain names and email addresses under an agreement not to use the domains and addresses for sending unsolicited commercial email); altered or concealed header information that impairs the ability of a party processing the message to identify or respond to the transmitting party; IP addresses generated by a proxy

server for purposes of disguising the origin of the email; "From" lines that do not accurately identify the Sender of the message.

26.   Each of the emails in question contains one or more violations of 15 U.S.C. §7704(a)(1).

27.   Accordingly, ZooBuh prays for relief in the amount of $100 per violation of 15 U.S.C § 7704(a)(1) pursuant to 15 U.S.C. § 7706(g)(3).

SECOND CAUSE OF ACTION
**CAN-SPAM ACT, 15 U.S.C. § 7704(a)(2)**
(Against all Defendants)

28.   Each of the previous paragraphs is realleged herein.

29.   The CAN-SPAM Act makes it unlawful for any person to initiate the transmission to a protected computer of a commercial electronic mail message if such person has actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that a subject heading of the message would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

30.   Many of the emails in question contain a subject line that is likely to mislead the recipient about a material fact regarding the contents or subject matter of the message.

31.   The percentage of the total number of emails that contain violations of 15 U.S.C. § 7704(a)(2) demonstrates that Defendants have engaged in a pattern or practice of violating this provision.

32.   Accordingly, ZooBuh prays for relief in the amount of $25 per violation of 15 U.S.C § 7704(a)(2) pursuant to 15 U.S.C. § 7706(g)(3).

THIRD CAUSE OF ACTION
**CAN-SPAM ACT, 15 U.S.C. § 7704(a)(3)**
(Against all Defendants)

33. Each of the previous paragraphs is realleged herein.

34. The CAN-SPAM Act makes it unlawful for any person to initiate the transmission to a protected computer of a commercial electronic mail message that does not contain a functioning return electronic mail address or other Internet-based mechanism, clearly and conspicuously displayed, that— (i) a recipient may use to submit, in a manner specified in the message, a reply electronic mail message or other form of Internet-based communication requesting not to receive future commercial electronic mail messages from that sender at the electronic mail address where the message was received; and (ii) remains capable of receiving such messages or communications for no less than 30 days after the transmission of the original message.

35. Many of the emails in question fail to contain a functioning return electronic mail address or other Internet-based mechanism, clearly and conspicuously displayed, through which the recipient could request not to receive future email from the Sender, and that remained capable of receiving the request for up to 30 days.

36. The percentage of the total number of emails that contain violations of 15 U.S.C. § 7704(a)(3) demonstrates that Defendants have engaged in a pattern or practice of violating this provision.

37. Accordingly, ZooBuh prays for relief in the amount of $25 per violation of 15 U.S.C § 7704(a)(3) pursuant to 15 U.S.C. § 7706(g)(3).

/

FOURTH CAUSE OF ACTION
**CAN-SPAM ACT, 15 U.S.C. § 7704(a)(5)**
(Against all Defendants)

38.     Each of the previous paragraphs is realleged herein.

39.     The CAN-SPAM Act makes it is unlawful for any person to initiate the transmission of any commercial electronic mail message to a protected computer unless the message provides (i) clear and conspicuous identification that the message is an advertisement or solicitation; (ii) clear and conspicuous notice of the opportunity to decline to receive further commercial electronic mail messages from the sender; and (iii) a valid physical postal address of the sender.

40.     Many of the emails in question fail to contain a clear and conspicuous notice that the emails are advertisements or solicitations.

41.     Many of the emails in question fail to contain a clear and conspicuously displayed valid physical address of the Sender and not the Initiator.

42.     Many of the emails in question fail to contain a clear and conspicuously displayed notice of the opportunity to opt-out from receiving future commercial emails from the Sender.

43.     The percentage of the total number of emails that contain violations of 15 U.S.C. § 7704(a)(5) demonstrates that Defendants have engaged in a pattern or practice of violating this provision.

44.     Accordingly, ZooBuh prays for relief in the amount of $25 per violation of 15 U.S.C § 7704(a)(5)(i) pursuant to 15 U.S.C. § 7706(g)(3).

45.     Accordingly, ZooBuh prays for relief in the amount of $25 per violation of 15 U.S.C § 7704(a)(5)(ii) pursuant to 15 U.S.C. § 7706(g)(3).

46. Accordingly, ZooBuh prays for relief in the amount of $25 per violation of 15 U.S.C § 7704(a)(5)(iii) pursuant to 15 U.S.C. § 7706(g)(3).

### FIFTH CAUSE OF ACTION
**Aggravated Damages – CAN-SPAM Act 15 U.S.C §7706(g)(3)(C)**
(Against all Defendants)

47. Each of the previous paragraphs is realleged herein.

48. On information and belief, Defendants committed the violations set forth above willfully and knowingly; or, in the alternative,

49. Defendants' unlawful activity included one or more of the aggravated violations set forth in 15 U.S.C. § 7704(b).

50. Specifically, on information and belief, Defendants engaged in dictionary attacks, used scripts or other automated means to created sender and recipient email addresses, and engaged in relaying and retransmitting in violation of 15 U.S.C. §7704(b)(1), (2), and (3).

51. Accordingly, ZooBuh prays for treble damages of the total damage amount determined by this Court.

### SIXTH CAUSE OF ACTION
**Alter Ego**
(Against all Defendants)

52. Each of the previous paragraphs is realleged herein.

53. Better Broadcasting and/or Iono has failed to maintain proper corporate formalities with regard to the administration, operation and management of its business.

54. Better Broadcasting and/or Iono has commingled funds between it and one or more of its members.

9

55.     The actions of Better Broadcasting and/or Iono in mismanaging the affairs of its business are such that there has become a unity of interest of the companies and its members.

56.     It would be inequitable and/or would permit the perpetration of fraud to allow Better Broadcasting and/or Iono to maintain a corporate existence separate and apart from each other and its members.

57.     Iono and DOES should therefore be deemed the alter egos of Better Broadcasting, the corporate shields should be disregarded, and Iono and DOES should be held liable for the misconduct alleged herein.

58.     The individual members of Iono, identified herein as some of DOES 1-40, are also alter egos of the member companies and therefore the corporate shields of Iono should be disregarded, and some of DOES 1-40 should be held personally liable for the misconduct alleged herein or, if corporate entities, should be held as liable entities for such misconduct.

## REQUEST FOR RELIEF

Plaintiff respectfully requests the following relief:

A.   Entry of judgment jointly and severally against all Defendants in the amount of $100 per violation of 15 U.S.C. § 7704(a)(1).

B.   Entry of judgment jointly and severally against all Defendants in the amount of $25 per violation of 15 U.S.C. § 7704(a)(2).

C.   Entry of judgment jointly and severally against all Defendants in the amount of $25 per violation of 15 U.S.C. § 7704(a)(3).

D.   Entry of judgment jointly and severally against all Defendants in the amount of $25 per violation of 15 U.S.C. § 7704(a)(5)(i).

E. Entry of judgment jointly and severally against all Defendants in the amount of $25 per violation of 15 U.S.C. § 7704(a)(5)(ii).

F. Entry of judgment jointly and severally against all Defendants in the amount of $25 per violation of 15 U.S.C. § 7704(a)(5)(iii).

G. Treble damages pursuant to 15 U.S.C. § 7706(g)(3).

H. Attorney fees and costs pursuant to 15 U.S.C. § 7706(g)(4).

I. Pre and post-judgment interest at the highest rate permitted by law.

J. Entry of permanent injunction against Defendants prohibiting Defendants and each of them from sending or causing to be sent email message to ZooBuh and its customers.

K. All other relief deemed just in law or equity by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable of right in this action, pursuant to Rule 38(b), Federal Rules of Civil Procedure.

DATED this 10th day of November, 2011.

HILL, JOHNSON & SCHMUTZ, L.C.

/s/ Jordan K. Cameron
Evan A. Schmutz
Jordan K. Cameron
*Attorneys for Plaintiff*

Plaintiff's Address:
P.O. Box 41
American Fork, Utah 84003