Kasey L. Wright, Bar No. 9169
**HANSEN WRIGHT**
233 S. Pleasant Grove Blvd, Suite 202
Pleasant Grove, UT 84062
Telephone: (801) 443-2380
Facsimile No: (801) 796-0984
Email: kwright@hansenwright.com
*Attorneys for Non-parties Blair Jackson and Invictus Law, Pllc*

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **Zoobuh, Inc**., a Utah Corporation  Plaintiff,  v.  **Better Broadcasting, LLC.,** a Utah limited liability company, **IONO Interactive**, a company doing business in Utah; Does 1-40.  Defendants. | **OBJECTION TO SUBPOENA AND MOTION TO QUASH SUBPOENA TO TESTIFY, PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION ISSUED TO BLAIR JACKSON, ESQ AND INVICTUS LAW, PLLC**  Case No. 2:11-cv-00516-DN  Judge David Nuffer |

Non-party Blair Jackson, Esq. ("Mr. Jackson"), and Invictus Law, PLLC ("Invictus"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 45 and DUCivR 7-1 hereby Object to and move to Quash Subpoena to Testify and Produce Documents, Information, or Objects (the "Subpoena") issued by Plaintiff Zoobuh, Inc., and its counsel, Chris L. Schmutz ("Mr. Schmutz"), to Invictus and Mr. Jackson.

## RELIEF SOUGHT

Mr. Jackson and Invictus seek an order from this Court quashing the Subpoena issued by Mr. Schmutz, counsel for Plaintiff, on January 13, 2016.  Plaintiff's Subpoena attempts to require Mr. Jackson/Invictus to violate Utah Code Annotated § 78B-1-137, Rules 1.6 and 1.9 of

the Utah Rules of Professional Conduct, the attorney-client privilege, and the attorney work-product privilege. Mr. Jackson and Invictus also seek an order of sanctions, including reasonable attorneys' fees and costs, against Plaintiff pursuant to Federal Rule of Civil Procedure 45(c)(1).

## **RELEVANT FACTS**

Mr. Jackson is a licensed Utah attorney and is the sole owner of Invictus.  Invictus Law is, as the name implies, a law firm.  Neither Mr. Jackson nor Invictus represent any parties in this action.  Plaintiff issued the Subpoena on Mr. Jackson and Invictus on January 13, 2016.  Plaintiff's Subpoena requests testimony and documents that (without admitting or denying the representation of any of the individuals or companies listed in the Subpoena) are very clearly protected by Utah Code Annotated §78B-1-137, Rules 1.6 and 1.9 of the Utah Rules of Professional Conduct, the Attorney-Client privilege, and the Attorney Work-Product privilege. Plaintiff's request is also a clear violation of Rule 26 and 45 of the Federal Rules of Civil Procedure.  Likewise, Plaintiff's requests are overly broad, irrelevant, not proportional and nothing but an unfounded fishing expedition.

In June of 2011, Plaintiff filed its Complaint in this action alleging causes of action under the Federal CAN-SPAM Act of 2003. *See, generally,* 15 U.S.C. §7701 *et. seq.*  Plaintiff's claims were initially against Envoy Media, Better Broadcasting, LLC and Iono Interactive.  A review of the docket suggests that the case progressed and Plaintiff perhaps settled with the dismissed Envoy Media defendant.  An Amended Complaint was then filed against Better Broadcasting, LLC and Iono Interactive (the "Amended Defendants").  Plaintiff ultimately obtained a default default judgment against the Amended Defendants.  Thereafter, the case sat dormant for nearly three (3) years until new counsel, Mr. Schmutz, entered his appearance and issued the Subpoena to a lawyer/law firm, who are non-parties to the action.  A true and correct copy of the subpoena

is attached hereto as <u>Exhibit "A"</u>.  The docket shows <u>no discovery attempts</u> of any kind to the Amended Defendants by Plaintiff's prior or new counsel, who are in fact the parties against whom a judgment has been entered.

Instead of conducting discovery against the Amended Defendants in its action for the five-year period its case has been in existence, Plaintiff's Subpoena seeks to bypass the well-established discovery rules and procedures afforded to attorneys by making overly-broad, potentially-privileged, and highly-problematic requests of testimony and documents of all types and kinds of Mr. Jackson and Invictus.  Plaintiff's Subpoena also seeks information of other individuals and companies – each of which are non-parties to this action – and have no notice of this request, because it presumes Mr. Jackson or Invictus represents, or represented in the past, these non-party individuals or companies.  Likewise, the docket is silent as to whether notification was made to the Amended Defendants, according to F.R.C.P. Rule 45(a)(4).  Such service without the property notifications is in violation of established rules of civil procedure.

Upon receipt of the Subpoena, legal counsel for Mr. Jackson and Invictus sent a letter to Plaintiff's counsel depicting its responsibilities as attorneys and law firm and their inability to provide information responsive to the Subpoena.  Plaintiff's responded by email – reiterating the illogical and attenuated claims to pierce these privileges and attorney obligations.  A second letter was sent by legal counsel for Mr. Jackson and Invictus, and again Plaintiff's counsel responded by email.  A true and correct copy of the collective correspondence is attached hereto as <u>Exhibit "B</u>."  Additional communications occurred between counsel retained by Mr. Jackson and Invictus and Plaintiff's counsel.  Plaintiff and its legal counsel again refused to rescind the Subpoena.

Plaintiff's position is that because it has a judgment against the Amended Defendants, it has the right to: (1) ask Mr. Jackson and Invictus questions and demand documents of any kind, without restrictions about Amended Defendants; and (2) demand the same information about individuals and companies (not parties to this suit) that Plaintiff believes is or once was represented by Mr. Jackson and Invictus. According to Plaintiff's counsel, the information which Mr. Jackson or Invictus allegedly has, might help Plaintiff collect on the judgment against Amended Defendants. But such requests do not bear on the issues presented in the case as Mr. Jackson and Invictus were not involved in the underlying action. The Subpoena is improper and should be quashed.

## **ARGUMENT**

**I.      ALL ATTORNEYS ARE BOUND BY RULES OF PROFESSIONAL CONDUCT.  URCP 1.6 AND 1.9 CLEARLY REQUIRES INFORMATION REGARDING REPRESENTATION TO BE MAINTAINED CONFIDENTIAL.**

Utah Rules of Professional Conduct, Rule 1.6, Confidentiality of Information, reads in relevant part as follows (emphasis added):

(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).
(b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
(b)(1) to prevent reasonably certain death or substantial bodily harm;
(b)(2) to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;
(b)(3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;
(b)(4) to secure legal advice about the lawyer's compliance with these Rules;
(b)(5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations

in any proceeding concerning the lawyer's representation of the client;

(b)(6) to comply with other law or a court order; or

(b)(7) to detect and resolve conflicts of interest arising from the lawyer's change of employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client.

(c) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

Pursuant to these rules, Mr. Jackson and Invictus are unable to respond as to whether they have in the past or whether they currently represent the Amended Defendants or the other individuals or companies cited in the Subpoena. If Mr. Jackson and Invictus affirmatively state that they did not represent certain individuals and/or companies, then the implication would be that they represented the others.  Therefore, the Subpoena places Mr. Jackson and Invictus in an unresolvable predicament.

Further insights to URPC Rule 1.6 can be garnered from comments 2, 3, and 4 of the Rule (emphasis added):

[2] A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation…

[3] The principle of client-lawyer confidentiality is given effect by related bodies of law: the attorney-client privilege, the work product doctrine and the rule of confidentiality established in professional ethics. The attorney-client privilege and work product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law. The confidentiality rule, for example, applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law. See also Scope.

[4] Paragraph (a) prohibits a lawyer from revealing information relating to the representation of a client. This prohibition also applies to disclosures by a lawyer that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person...

A key precept of ethical maintenance of confidentiality is that client information cannot be used to the detriment of the client, but rather only to advance a client's interest.  On its face, the Subpoena offends the plain language and spirit of this Rule as well as demand that Mr. Jackson and Invictus breach their duty of confidentially.

The Utah State Bar Ethics advisory opinions also supports Mr. Jackson and Invictus' position.  In Opinion 97-04, the Ethics Advisory Opinion Committee found it improper for a law firm to disclose "client's names, addresses and telephone numbers to securities brokers, financial planners, insurance salesmen and other professionals."  *Id.*  Similarly, in Opinion 97-02, the Ethics Advisory Opinion Committee found it improper for a law firm to disclose a telephone number to law enforcement authorities of a suspect of a felony charge.  The committee opined (emphasis added):

> The fact that the client may be accused of committing a criminal act and the fact that the client may be a fugitive are not relevant to this issue, and the attorney is ethically barred from revealing information relating to the representation of the client, even if revealing the information would assist in apprehending a fugitive. The scope of confidentiality under Rule 1.6 is broad: All information relating to representation of a client is confidential, even if the information is available elsewhere, and it may not be disclosed by the attorney unless it is covered by a specific exception contained in the rule. (emphasis added)

Finally, Utah Rules of Professional Conduct, Rule 1.9 states in relevant part (emphasis added):

> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
> (c)(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
> (c)(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

According to the Rules of Professional Conduct, Jackson/Invictus must maintain confidences of former clients,  but Plaintiff's Subpoena would force Jackson/Invictus to violate that obligation.

Indeed, Plaintiff's sole purpose of the Subpoena is to collect on a judgment.  As a result, any disclosure that would disadvantage a former client would be in violation of this Rule and would be contrary to law.

### II.    PLAINTIFF FILED AN IMPERMISSIBLE SUBPOENA UNDER FRCP 26.

The Plaintiff is entitled to a limited scope of discovery for its claims against the Amended Defendants.  The FRCP 26(b) states in relevant part:

> (b) Discovery Scope and Limits.
> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Discovery is inherently limited, as set forth above, but Plaintiff's demand for production is not. For example, Plaintiff demanded "[a]ll correspondence…[a]ll documents…any professional services" for both parties and non parties to this action. Although Plaintiff and its counsel have been asked multiple times how "all documents" from the beginning of time until the date of the Subpoena, of Mr. Jackson and Invictus' alleged clients, could "all" possibly be relevant, Plaintiff and its counsel have refused to provide a plausible response.  The wrongdoing claimed in this action is for alleged email abuses that occurred five (5) years ago.  It is nonsensical to suggest that presumed client representation in 2016, 2015, 2014 (etc.), and each and every document created or exchanged during that time period, is somehow relevant to claimed wrongdoing in 2011.  Further, without admitting to representation of any of the Amended Defendants or the other parties named in the subpoena, the burden and expense of such a production could be enormous.  Clearly Plaintiff's Subpoena is not proportional to the needs of its case, is not limited

in scope, is not presented for the purpose of discovering information related to this matter, and

places unreasonable burdens on nonparties to this action.  For these reasons alone Plaintiff's

Subpoena should be stricken.

### III.    PLANTIFF  IGNORED THE RULES OF FRCP 45

Under FRCP 45 Plaintiff and its counsel has a duty to take reasonable steps to avoid

undue burden or expense on Mr. Jackson and Invictus:  The Rule states:

> (d) Protecting a Person Subject to a Subpoena; Enforcement.
> (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for
> issuing and serving a subpoena must take reasonable steps to avoid imposing undue
> burden or expense on a person subject to the subpoena. The court for the district where
> compliance is required must enforce this duty and impose an appropriate sanction—
> which may include lost earnings and reasonable attorney's fees—on a party or attorney
> who fails to comply.

The Subpoena is remarkably overbroad, which alone forces Mr. Jackson and Invictus to hire

counsel and file this Motion to Quash. On top of that, the rules of confidentiality, the scope of

discovery, and the privileges afforded to attorneys and their clients, have also all been ignored.

Next, it appears the subpoena is merely a tardy attempt to make up for Plaintiff's failure to fully

investigate its claims five (5) years ago.  By failing to investigate its claims, Plaintiff believes it

can shift the expense and burden of gathering information to Mr. Jackson and Invictus.   In each

instance the actions of Plaintiff are not reasonable.  As such, sanctions are required against

Plaintiff.

### IV.    THE SUBPOENA SEEKS TO VIOLATE THE ATTORNEY WORK-
###          PRODUCT PRIVILEGE

Without admitting or denying the representation of Amended Defendants or any of the

named parties in the Subpoena, assuming *arguendo* that Mr. Jackson or Invictus has represented

(or is representing) one or all of them, the Subpoena potentially seeks to violate the Attorney

Work-Product privilege.  Although this argument cannot be addressed fully addressed, clearly it

is reasonable argument that a subpoena served by Plaintiff, which is unlimited in time, scope, topic, and to information related to this action between the named parties, could run afoul of the attorney work-product privilege.

The Attorney Work-Product doctrine "shelters the mental processes of the attorney providing a privileged area within which he can analyze and prepare his client's case." *Trans-Western Petroleum, Inc. v. Wolverine Gas & Oil Corp.*, Case No. 2:06-cv-801-TS-PMW, 2011 U.S. Dist. LEXIS 144744, *8 (D. Utah Dec. 15, 2011), *citing United States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008). Furthermore, "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Id.* at *8-*9. The work-product privilege "extends to the production of material assembled by an attorney in preparation for impending litigation." *Id.* at *9, *see also* Fed R. Civ. P. 26(b)(3).  Here the Subpoena potentially seeks work-product associated with this action and any other action the Amended Defendants or the parties identified in the subpoena could be involved in.

## V.    THE SUBPOENA SEEKS TO VIOALTE THE ATTORNEY CLIENT PRIVILEGE

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States,* 449 U.S. 383, 389, (1981); cited by *United States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* Under the common law, the privilege will only be recognized when "the communication between the client and the attorney is made in confidence of the relationship and under circumstances from which it may reasonably be assumed that the communication will remain in confidence." *In re Qwest*

*Commc'n Int'l. Inc.,* 450 F.3d 1179, 1185 (10th Cir.2006) (quotation omitted) *Id.*  Because confidentiality is critical to the privilege, it will be "lost if the client discloses the substance of an otherwise privileged communication to a third party." *Id.* (quotation omitted). "The confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived." *Id.* (quotation omitted).

Without admitting to or denying the representation of Amended Defendants or any of the named parties in the Subpoena, assuming *arguendo* that Mr. Jackson or Invictus has represented or is representing one or all of them, the Subpoena potentially seeks to violate the attorney-client privilege.  Although this argument cannot be addressed fully, clearly it is a reasonable argument that a Subpoena served by Plaintiff, which is unlimited in time, scope, topic, and to information related to this action, could run afoul of the attorney-client privilege.

Similar restrictions have been codified in Utah Code Ann. § 78B-1-137.  It states in relevant part (emphasis added):

> (2) An attorney <u>cannot, without the consent of the client</u>, be examined as <u>to any communication</u> made by the client to the attorney or any advice given regarding the communication in the course of the professional employment. An attorney's secretary, stenographer, or clerk cannot be examined, without the consent of the attorney, concerning any fact, the knowledge of which has been acquired as an employee.

Without admitting to or denying the representation of any of companies and individuals of whom Plaintiff seeks discovery, it is clear that Mr. Jackson and Invictus cannot serve as a witness against the interest of its clients.

## VI.  SINCE PLAINTIFF AND ITS COUNSEL FILED AN IMPERMISSIBLE SUBPOENA THEY SHOULD BE ORDERED TO PAY JACKSON/INVICTUS' ATTORNEY'S FEES AND COSTS

Plaintiff and its counsel have violated their duties as a subpoenaing party and should be ordered to pay Mr. Jackson and Invictus' attorney's fees and costs incurred in responding to the Subpoena. The party issuing a Subpoena owes a duty to "take reasonable steps to avoid imposing

undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(c)(1). "The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." *Id.*

Plaintiff has requested clearly confidential information by commanding Mr. Jackson and Invictus to violate its ethical and legal duties to protect confidential information. Plaintiff has therefore violated its duty to avoid imposing an undue burden on Mr. Jackson and Invictus.  Rule 45 requires that the Court impose on a party the duty and impose sanctions for violation of the duty to avoid imposing an undue burden on another party. Therefore, the Court should require Plaintiff to pay Mr. Jackson's and Invictus' reasonable attorney fees incurred by being forced to respond to Plaintiff's improper Subpoena.

## CONCLUSION

Based upon the foregoing facts and argument, Mr. Jackson and Invictus' Motion to Quash should be granted, and the Court should sanction Plaintiff for issuing an improper Subpoena.

DATED this the 27th  day of January, 2016.


HANSEN WRIGHT

/s/ Kasey L. Wright
_____
KASEY L. WRIGHT
*Attorney for Blair Jackson & Invictus Law*

# EXHIBIT A

AO 88A   (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Utah

Server _B~Mc~_

Date _1/13/2016_   Time _10_ : _50 AM_

P/S _____

ANDERSON INVESTIGATIONS, INC.    #G101350
P.O. BOX 535, SLC, UT 84110    877-619-1110

|  |  |
|---|---|
| ZooBuh, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
|  | ) |
| Better Broadcasting, LLC, et al. | ) |
| *Defendant* | ) |

Civil Action No.    2:11-cv-00516 DB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Blair R. Jackson and Invictus Law, PLLC

*(Name of person to whom this subpoena is directed)*

[x]  *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.   If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | 3301 North Thanksgiving Way, Suite 400, Lehi, UT 84043 | Date and Time: | February 10, 2016, 10:00 a.m. |
|---|---|---|---|

The deposition will be recorded by this method:   stenographic record by court reporter

[x]  *Production:*   You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___1/07/2016___

|  |  |  |
|---|---|---|
| *CLERK OF COURT* |  |  |
|  | OR | /s/ Chris L. Schmutz |
| *Signature of Clerk or Deputy Clerk* |  | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*

Chris L. Schmutz

190 North Main #100, Bountiful UT  84010,
chrisschmutz.pc@gmail.com, (801) 298-4800, atty for Plaintiff

, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A   (Rev.   02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐   I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

☐   I returned the subpoena unexecuted because: _____

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A   (Rev.   02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

Definitions:

1. "Better Broadcasting" means Better Broadcasting, LLC, a Utah limited liability company.
2. "Carney" means Robert Carney.
3. "Common Contact" means Common Contact, LLC, a Utah limited liability company.
4. "Correspondence" means written communication of any kind, including without limitation emails, texts, faxes, notes, Electronically Stored Information and letters.
5. "Document" and "documents" include, without limitation, any written, recorded, graphic or printed matter, in whatever form, whether printed or produced by hand or any other process, including without limitation all Electronically Stored Information. The terms "document" and "documents" include without limitation any Correspondence, Electronically Stored Information and any memoranda, reports, witness statements, notes, notebooks, diaries, drawings, sound reproductions or tapes, recordings, computer printouts, computer files and CD's, minutes or recordings of any meetings or conversations and written statements or transcripts of any sort.
6. "Dover Delaware" means Dover Delaware Incorporators, LLC, a limited liability company doing business in Delaware.
7. "Electronically Stored Information" means information that is stored in or by any form of technology having electrical, digital, magnetic, wireless, optical, electromagnetic or similar capabilities.
8. "Expression Media" means Expression Media, LLC, a Utah limited liability company.
9. "Factor of 3" means Factor of 3, LLC, a Utah limited liability company.
10. "IONO" means Iono Interactive, a Delaware limited liability company.
11. "MSupport" means MSupport, LLC, a Utah limited liability company.
12. "Poelman" means Ryan Poelman.
13. "Red Mountain" means Red Mountain Media, LLC, a Utah limited liability company.
14. "You" and "your" mean Blair R. Jackson and/or any employee, attorney, member, manager or other agent of Invictus Law, PLLC.

Documents to be produced:

1. All Correspondence between you and Carney or Poelman.
2. All Documents, including without limitation corporate or LLC books and records, tax returns and other accounting or financial records, bank records and any other Documents (including Electronically Stored Information), that refer to, name, discuss or identify Better Broadcasting, Carney, Common Contact, Dover Delaware, Expression Media, Factor of 3, IONO, MSupport, Poelman or Red Mountain.
3. All Documents, including without limitation billing statements, invoices and time records that describe, evidence, or refer to any professional services provided by you to or for Better Broadcasting, Carney, Common Contact, Dover Delaware, Expression Media, Factor of 3, IONO, MSupport, Poelman or Red Mountain.

# EXHIBIT B

# invictus law

360 South Technology Court, Suite 200, Lindon, Utah 84042 – Phone 801.854.9212 – Fax: 801.415.9340 – InvictusPC.com

**William R. Knowlton, Esq.**
Licensed to Practice Law in AZ and UT

January 15, 2016

**VIA E-MAIL and CERTIFIED U.S. MAIL**
Mr. Chris L. Schmutz, Esq.
**SCHMUTZ & MOHLMAN, LLC**
190 North Main, Ste. 100
Bountiful, Utah 84010
**E-mail: chrisschumtz.pc@gmail.com**

**RE:**  **Withdrawal of Subpoena;** *ZooBuh, Inc. v. Better Broadcasting, LLC*
**Case No.: 2:11-cv-00516DB**

Dear Mr. Schumtz:

      We received your email correspondence dated January 14, 2016. Thank you for the offer to have a telephonic discussion regarding your defective subpoena. It appears from your message that you acknowledge the very significant challenges in responding to your request as drafted. Before we have a telephone call, you should be aware of our position on the following:

## I. Utah Rules of Professional Conduct, Rule 1.6, Confidentiality of Information.

    (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).
    (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
    (b)(1) to prevent reasonably certain death or substantial bodily harm;
    (b)(2) to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;
    (b)(3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;
    (b)(4) to secure legal advice about the lawyer's compliance with these Rules;
    (b)(5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client;
    (b)(6) to comply with other law or a court order; or
    (b)(7) to detect and resolve conflicts of interest arising from the lawyer's change of

Mr. Chris Schmutz, Esq.
Withdrawal of Subpoena; Case No.: 2:11-cv-00516DB
January 15, 2016
Page 2 of 5

employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client.

(c) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

As you can see, based on the rules we operate under, Mr. Jackson and the Firm are unable to even respond to you about whether they have in the past, or since your subpoena seeks information current today, whether they currently represent any of the clients in your request. Therefore, as a threshold matter, Mr. Jackson and the Firm cannot and will not respond to any of your requests to the extent it would provide information about whether representation exists. Clearly, then, Mr. Jackson and the Firm cannot provide any of the material requested either as it pertains to past or current clients, because by doing so, it would violate this rule.

For further insight, we refer you to the comments two through four of this rule (underlines not in the original):

[2] A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation. See Rule 1.0(e) for the definition of informed consent. This contributes to the trust that is the hallmark of the client-lawyer relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter. The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct. Almost without exception, clients come to lawyers in order to determine their rights and what is, in the complex of laws and regulations, deemed to be legal and correct. Based upon experience, lawyers know that almost all clients follow the advice given, and the law is upheld.

[3] The principle of client-lawyer confidentiality is given effect by related bodies of law: the attorney-client privilege, the work product doctrine and the rule of confidentiality established in professional ethics. The attorney-client privilege and work product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law. The confidentiality rule, for example, applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law. See also Scope.

[4] Paragraph (a) prohibits a lawyer from revealing information relating to the representation of a client. This prohibition also applies to disclosures by a lawyer that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person. A lawyer's use of a hypothetical to discuss issues

Mr. Chris Schmutz, Esq.
Withdrawal of Subpoena; Case No.: 2:11-cv-00516DB
January 15, 2016
Page 3 of 5

relating to the representation is permissible so long as there is no reasonable likelihood that the listener will be able to ascertain the identity of the client or the situation involved.

Obviously, a key precept of ethical maintenance of confidentiality is that client information cannot be used to the detriment of the client, but rather only to advance a client's interest. And, as you can see, the ethical duties of an attorney are extensive in terms of what information is protected. Your subpoena offends both the plain language and spirit of this rule.

## II. Rule 26 of the Federal Rules of Civil Procedure

Under Rule 26 of the Federal Rule of Civil Procedure, you have a limited scope of the material you are able to discover. Consider the plain language of the rule (underlines not in the original):

(b) Discovery Scope and Limits.
(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

You failed to respond how "all documents" from the beginning of time until the date of your subpoena, between Mr. Jackson or the Firm, and its alleged clients could "all" possibly be relevant. This is especially salient considering the action occurred five (5) years ago. Your subpoena, as drafted, is an extreme abuse of a judicial privilege. A privilege which is only extended to those who covenant to abide by the Rules. If you choose not to respond to us, clearly you know that you will have to explain this position to the Judge.

## III. Rule 45 of the Federal Rules of Civil Procedure

Under Rule 45 of the Federal Rules of Civil Procedure, you have a duty to take reasonable steps to avoid undue burden or expense on Mr. Jackson and Invictus Law: The Rule states:

(d) Protecting a Person Subject to a Subpoena; Enforcement.
(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Mr. Chris Schmutz, Esq.
Withdrawal of Subpoena; Case No.: 2:11-cv-00516DB
January 15, 2016
Page 4 of 5

It is obvious that little to no thought was given to this Rule when your subpoena was issued.  First, the subpoena is remarkably and nonsensically overbroad.  Second, the rules, privileges, and laws that attorneys operate under make a response to your subpoena extremely cumbersome, costly, and in most cases, require a court order for response.  Third, although your appearance in this case was filed in January of this year, this case is extremely old.  Your predecessors had a duty to fully investigate their claims and action five (5) years ago.  If they failed to do so, and you now believe your only way to find information (whether discoverable under the Rules or not) is by vexing Blair Jackson and Invictus Law, you are mistaken.  What reasonable steps have you, or your predecessors, taken to prevent this undue burden being placed on Blair Jackson and Invictus Law?  Again, if you choose not to respond to us, clearly you know that you will have to explain this position to the Judge.

## IV. The Attorney Work-Product Privilege

Your subpoena potentially seeks information under the attorney work-product privilege. As you are aware, documents prepared in anticipation of litigation or for trial by or for another party are privileged and are not discoverable.  *See Gold Standard, Inc. v. American Barrick Res. Corp.*, 801 P.2d 909, 910 (Utah 1990).

## V. The Attorney-Client Privilege

Your subpoena potentially seeks information covered under the the attorney-client privilege.  This privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor.  To the extent Mr. Jackson or our Firm communicated with any of the named entities or individuals identified in your subpoena, it would be in relation to legal representation for which Mr. Jackson or our Firm was duly engaged.  As such, those communications fall within the attorney-client privilege. You note in your response some non-novel proposed exceptions to this rule.

## VI. The Information You Seek is Old, Stale, and Likely Not Within Mr. Jackson's or the Firm's Possession

We tried in our last correspondence to give you some indication that, assuming you are able to clear all the above referenced hurdles, and obtain a court order requiring some actual production of information, the likelihood of Mr. Jackson or the Firm having anything of value for your action is extremely low.

Considering the foregoing, and our inability to talk to you about anything substantive in your requests, we would be willing to discuss your defective subpoena via telephone.  Also, as we will be seeking a protective order unless you withdraw your subpoena, we would prefer that our meet-and-confer obligations include something more than written correspondence.

Finally, if we are not able to have this resolved before 4:00pm MST on Tuesday, January 19, 2016, we will be hiring outside counsel to represent Blair Jackson and the Firm's interests.

Mr. Chris Schmutz, Esq.
Withdrawal of Subpoena; Case No.: 2:11-cv-00516DB
January 15, 2016
Page 5 of 5

These fees will likely ultimately be born by you for your failure to abide by the clearly defined rules of conduct. We propose a telephone call on Tuesday January 19, 2016, at 10:00 am to resolve this matter.

Sincerely,

William R. Knowlton, Esq.

**From:** Chris Schmutz <chrisschmutz.pc@gmail.com>
**Sent:** Tuesday, January 19, 2016 11:11 AM
**To:** Bill Knowlton
**Subject:** Re: ZooBuh, Inc.

Mr. Knowlton: I have reviewed your letter dated January 15, 2016. You have quoted extensively from Rule 1.6 of the Utah Rules of Professional Conduct, but that rule does not apply to this situation. Comment 3 to Rule 1.6 makes clear that an attorney's response to a subpoena is governed by rules relating to the attorney-client privilege and/or attorney work product doctrine, not by the Rules of Professional Conduct. When responding to a subpoena, the governing rule is set forth in UCA section 78B-1-137(2). Under that rule, the identity of the client is not privileged, nor are the terms and conditions of the attorney's employment, the purpose for which the attorney has been retained, or matters relating to fees and payments. *Gold Standard, Inc. v. American Barrick Resources Corporation,* 801 P.2d 909, 911-912 (Utah 1990), and cases cited therein.

Even if Rule 1.6 applied to this case (which it does not), Rule 1.6(b)(3) would require you to provide the requested information. My client, ZooBuh, Inc., has suffered substantial injury to its financial interests as the result of fraudulent activity by Better Broadcasting, LLC ("BB, LLC") and IONO Interactive ("IONO"). Judgment has been entered against both entities in the amount of $1,608,360.00 (*see* copy of Judgment attached hereto). The Judgment resulted at least in part from fraudulent activity. *See ZooBuh, Inc. v. Better Broadcasting, LLC,* 2013 WL 2407669, *7 (D. Utah 2013).

You have also cited Rule 26, and argued that the subpoena seeks documents that are not relevant and are not proportional to the needs of the case. In response, I would first call to your attention that the subpoena to your firm and Mr. Jackson is a post-judgment collection tool, and in such cases, the limits of relevance are broad. All that need be shown is a nexus between the subpoenaed party and the judgment debtor. *Mountain Dudes, LLC v. Split Rock, Inc.,* 2013 WL 5435707, *2 (D. Utah 2013). In this case, there is a nexus between the judgment debtors, Mr. Jackson, and the other entities and individuals identified in the subpoena. The information we have been able to obtain indicates that IONO is the registered agent and member of BB,LLC. IONO is a Delaware LLC whose registered agent is another Delaware LLC called Dover Delaware Incorporators, LLC. When we contacted Dover Delaware Incorporators we were informed that their contact in Utah is Blair Jackson.

BB, LLC was a Utah company whose principal address was listed as 363 North University Avenue #110 in Provo. The only contact information for BB, LLC on the lease of its office space was a phone number: (888) 419-2464. That phone number belongs to MSupport, LLC, whose registered agent was Blair Jackson and whose owner is Ryan Poelman.

The other individual identified in the subpoena, Robert Carney, was apparently the registered owner of many of the domain addresses used by BB, LLC and IONO.

IONO is also listed as the registered agent and member for Common Contact, Expression Media, Factor of 3, and Red Mountain.  A common theme for each of these entities is that they rented space which they never occupied and they have no contact information.  On Expression Media's lease the only contact information was a phone number (888) 321-1268, which also belonged to MSupport.

From the foregoing it is clear that whoever directed the wrongful activity leading to the entry of judgment against BB, LLC and IONO went to considerable lengths to prevent anyone from finding out his or their identity.  The best source we have for information regarding the identity of the principals of BB, LLC and IONO is Blair Jackson.

In your correspondence, you have asserted that the subpoena is overly broad, cumbersome and expensive; yet you have also asserted that you do not believe your firm has any of the requested documents.  Obviously, the expense and burden depend on the volume of the material.  If you do not have any of the requested documents, there is no burden or expense in producing them.  On the other hand, if you have large files for each of the entities and individuals identified in the subpoena, the expense and burden could be great.  I think it would be worthwhile for us to talk on the phone about the nature and extent of your files and the potential cost of producing documents.  I am available most of today.  Tomorrow and Thursday I will not be available.  Friday I should be available most of the day, especially in the morning.  Do you have time available today or Friday?

To help make our phone conversation productive, I can tell you that I am most interested in billing and payment records, corporate records, and correspondence; basically, anything that would identify individuals who own or control the judgment debtors or any of the other entities and that would help me understand the role, level of involvement and contact information for any such individuals, or the relationships of any of the entities with BB, LLC or IONO.  The underlying purpose of the subpoena is to locate information leading to assets that could be applied in satisfaction of the judgment or to evidence supporting alter ego, substantive consolidation, or other legal or equitable claims that would allow us to collect on the judgment.

I look forward to hearing back from you.

# invictus law

360 South Technology Court, Suite 200, Lindon, Utah 84042 – Phone 801.854.9212 – Fax: 801.415.9340 – InvictusPC.com

**William R. Knowlton, Esq.**
Licensed to Practice Law in AZ and UT

January 14, 2016

**VIA E-MAIL and CERTIFIED U.S. MAIL**
Mr. Chris L. Schmutz, Esq.
**SCHMUTZ & MOHLMAN, LLC**
190 North Main, Ste. 100
Bountiful, Utah 84010
E-mail: <u>chrisschumtz.pc@gmail.com</u>

RE:   **Withdrawal of Subpoena;** *ZooBuh, Inc. v. Better Broadcasting, LLC*
      **Case No.: 2:11-cv-00516DB**

Dear Mr. Schumtz:

Our Firm, and it's owner Mr. Blair Jackson, Esq., received a subpoena signed by you in connection with *ZooBuh, Inc. v. Better Broadcasting, LLC,* Case No. 2:11-cv-00621 pending in the United States District Court for the District of Utah. Please direct all future correspondence in this matter to my attention. There are numerous highly problematic issues with your subpoena that require its immediate withdrawal.

First, as you are undoubtedly aware, the attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor. Also, the attorney work-product privilege extends to the production of materials assembled by an attorney in preparation for litigation or other impending legal matters. To the extent Mr. Jackson or our Firm communicated with any of the named entities or individuals identified in your subpoena, it would be in relation to legal representation for which Mr. Jackson or our Firm was duly engaged. As such, those communications fall within the attorney-client privilege or the attorney work-product privilege. As a result, the subpoena seeking those communications is improper as it seeks to set aside those privileges.

Next, your subpoena seeks information from parties entirely unrelated to your case. Under what theory are you entitled to subpoena information from counsel or perceived counsel of non-parties to your action?

Third, it appears your case originated in June of 2011. Under what theory are you entitled to subpoena from our law firm, or Mr. Jackson, every correspondence with our clients or perceived clients without date restrictions? If our law firm counseled a client in 2015 for a matter unrelated to your case, do you honestly believe you are entitled to discover it?

Mr. Chris Schmutz, Esq.
Withdrawal of Subpoena; Case No.: 2:11-cv-00516DB
January 14, 2016
Page 2 of 2

Similarly, under what theory are you entitled to subpoena from our law firm, or Mr. Jackson, every correspondence without limitation to the subject matter or parties to your action? As an officer of the court, please explain how you are entitled to privileged information that has nothing to do with your action.

Next, you should be aware that the firm, and Mr. Jackson, does not keep written or electronic client files after three (3) years concluding any representation. As such, any material potentially responsive to your request has long since been destroyed or returned to the client.

Finally, as your subpoena is extremely broad, not time specific, and not material specific; and assuming the material is available and somehow not covered by the attorney-client privilege; and assuming it is somewhere stored on our servers or in our long term storage facility; how do you expect to pay for the research of such material?  The $50.00 check is not enough to even start the discussion.

It appears to us that your subpoena was not well considered before it was sentn to us.  We request that you withdraw the subpoena immediately.  Rule 45(c)(1) of the Federal Rules of Civil Procedure provides that the party issuing a subpoena owes a duty to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The issuing court **must** enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorneys' fees – on a party or attorney who fails to comply.  *Id.*  Should you refuse to withdraw the subpoena, we will file a motion to quash the subpoena and for sanctions pursuant to Rule 45.

Please let us know by 4:00pm MST on Tuesday, January 19, 2016 if you will withdraw the subpoena voluntarily.  Otherwise, we will proceed with a motion to quash and for sanctions.

Sincerely,

William R. Knowlton, Esq.

Mr. Knowlton:  I received your email this afternoon responding to the subpoena served upon Blair Jackson in connection with ZooBuh, Inc. v. Better Broadcasting, LLC, Case No. 2:11cv00516 (the "Lawsuit").  I was able to open the letter that was attached to your email and have reviewed it.  I will not withdraw the subpoena.  With respect to the attorney client privilege, as I am sure you are aware, that privilege does not protect information relating to the fact of employment of an attorney by a client, the type of work performed or the matters for which the attorney was retained, the names of those with whom the attorney dealt and their relationship to the client, the dates and times of meetings and the general subject matter of the meetings.

All of the individuals and entities identified in the subpoena are listed in it because we have reason to believe that they are related to or connected to one or the other of the Defendants in the Lawsuit.  We will be asking Mr. Jackson about them in order to determine the nature and extent of their relationship.  Ultimately, our goal is to determine who owns or controls one or both of the Defendants.  Our purpose is to collect on a judgment entered in the Lawsuit in favor of ZooBuh.

Since our purpose is to collect on the judgment, information about contacts between Mr. Jackson and anyone connected with the Defendants (including those individuals and entities listed in the subpoena) is relevant to the question of who owns or controls the Defendants.

With respect to the extent and nature of the documents requested in the subpoena, I would be happy to talk with you about that.  We can also discuss the cost for producing whatever documents you have, the timing of production, and the form in which the documents will be produced.  The $50 check was a witness fee for Mr. Jackson to attend the deposition on Feb 10.

I look forward to hearing back from you and discussing these issues further.

--
Chris L. Schmutz
Attorney at Law

SCHMUTZ & MOHLMAN, LLC
190 North Main #100
Bountiful, UT 84010
(801) 298-4800

# EXHIBIT C

UT Eth. Op. 97-04 (Utah St.Bar.), 1997 WL 223850

Utah State Bar
Ethics Advisory Opinion Committee
Opinion Number 97-04
Approved April 25, 1997

**\*1** *Issue*: May a law firm furnish lists of clients' names, addresses and telephone numbers to securities brokers, financial planners, insurance salesmen and other professionals, without receiving prior permission from the clients?

*Opinion*: Information given to an attorney by his client, including the client's name, address and telephone number, is confidential, and the attorney is prohibited from disclosing such information under Rule 1.6 unless the client consents after consultation.

*Facts*: As a result of providing legal services to its clients, a law firm has acquired a large number of names, addresses and telephone numbers of clients. The firm believes that various professionals, such as securities brokers, financial planners, insurance salesmen and others, would be interested in acquiring the firm's client list. The firm also believes that its clients may benefit from receiving information from these other professionals. The firm has requested an opinion on whether it can ethically provide its client list to these other professionals for a fee without obtaining prior consent of its clients. Alternatively, the firm asks whether it can ethically furnish its client list to these professional if it does *not* charge a fee.

*Analysis*: The situation presented by this request is analytically similar to that presented in Utah Ethics Advisory Opinion No. 97-02,[1] where we determined that an accused's telephone number, provided to his attorney in connection with a criminal investigation, was privileged information that could not be disclosed to law enforcement officials. The Committee believes the reasoning contained in Opinion No. 97-02 applies directly to the present situation.

Information provided to an attorney by a client during the course of representation is confidential under Rule 1.6,[2] and the rule prohibits the lawyer from revealing such information to a third party without the client's prior consent after consulting with the client.[3] Here, the law firm proposes to provide information given to it by its clients during the course of the firm's representation of those clients without first obtaining its clients' consent. Rule 1.6 has a broad scope: All information relating to a client is confidential, even if the information is available elsewhere. The attorney may disclose the information without the client's consent only if one of the exceptions specified in Rule 1.6(b) applies.

The application of Rule 1.6 also does not depend on whether the attorney receives or doesn't receive compensation for providing the information. Consequently, the law firm is prohibited from providing a client list to third parties, with or without compensation, unless it first obtains the consent of those clients on the list.

Footnotes

1   1997 WL 45141 (Utah St. Bar).

2   (a) A lawyer shall not reveal information relating to representation of a client except as stated in paragraph (b), unless the client consents after disclosure.
   (b) A lawyer may reveal such information to the extent the lawyer believes necessary:
   (1) To prevent the client from committing a criminal or fraudulent act that the lawyer believes is likely to result in death or substantial bodily harm, or substantial injury to the financial interest or property of another;
   (2) To rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services had been used;
   (3) To establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client or to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved; or

(4) To comply with the Rules of Professional Conduct or other law. "Confidentiality of Information," Utah Rules of Professional Conduct 1.6(a), (b).

3    Utah Rule 1.6(a) uses the phrase "consents after disclosure"; its predecessor, DR 4-101(C)(1), uses the phrase "consents after full disclosure"; ABA Model Rule 1.6(a) uses the phrase "consents after consultation." We perceive no significant distinction among these variations. The client's consent must be subsequent to a meaningful communication with the attorney.

UT Eth. Op. 97-04 (Utah St.Bar.), 1997 WL 223850

**End of Document**    © 2016 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT D

UT Eth. Op. 97-02 (Utah St.Bar.), 1997 WL 45141

Utah State Bar
Ethics Advisory Opinion Committee
Opinion Number 97-02
Approved January 24, 1997

**\*1** *Issue*: Is information provided by an accused to his attorney in an initial telephone conference confidential as against a request from law enforcement authorities for such information?

*Opinion*: Information given to an attorney in an initial telephone conference by an individual whom the attorney has agreed to represent is confidential, even against a request for such information by law enforcement authorities seeking to apprehend the accused client.

*Facts*: After he had learned there was a warrant for his arrest as a suspect for a felony charge, an individual contacted an attorney by telephone. The individual gave information to the attorney, including a telephone number through which he could be contacted. The attorney agreed to represent the client solely to assist the client in turning himself in to the authorities. After the initial telephone conference, the attorney made contact with law enforcement authorities and made arrangements for the client to turn himself in. The client was to contact the attorney again but did not do so. The attorney was unable to make contact with the client to advise him of the arrangements made with the authorities. A law enforcement officer subsequently contacted the attorney and proposed to have the attorney contact the client while the officer was on the telephone line; he also requested the client's telephone number from the attorney. The attorney declined both of the requests, even after the law enforcement officer suggested the attorney could be prosecuted for harboring a fugitive from justice.

*Analysis*: An attorney/client relationship is established when a party seeks and receives the advice of an attorney in matters pertinent to the lawyers' profession.[1] An attorney/client relationship can arise from brief informal conversations, in person or by telephone, even though no fee is ever discussed or charged and no contract of employment is signed. In this case, advice and assistance were sought, and the attorney agreed to represent the client. Therefore, an attorney/client relationship was created.

The information given to the lawyer and his firm in the course of the representation is confidential. Rule 1.6, Confidentiality of Information, prohibits a lawyer from revealing information relating to representation of a client unless the client consents after consultation. There are permissible exceptions spelled out in Rule 1.6, none of which apply here.[2] The fact that the client may be accused of committing a criminal act and the fact that the client may be a fugitive are not relevant to this issue, and the attorney is ethically barred from revealing information relating to the representation of the client, even if revealing the information would assist in apprehending a fugitive. The scope of confidentiality under Rule 1.6 is broad: All information relating to representation of a client is confidential, even if the information is available elsewhere, and it may not be disclosed by the attorney unless it is covered by a specific exception contained in the rule.

**\*2** A lawyer may not assist a client in conduct that is criminal or fraudulent.[3] However, not revealing a phone number given by a client to his attorney in the course of representation does not assist the client in any criminal or fraudulent conduct.

Rule 1.6(b)(4) does permit a lawyer to reveal such confidential information to the extent the lawyer believes necessary to comply with the Rules of Professional Conduct or other law. The comment to this subsection, however, indicates there is a presumption against concluding that any other provision of law supersedes Rule 1.6.[4] There is nothing in the factual situation before us that would supersede Rule 1.6 and permit disclosure of confidential information.

Footnotes

1    E.g., Breuer-Harrison, Inc. v. Combe, 799 P.2d 716, 727 (Utah App. 1990), citing with approval People v. Morely, 725 P.2d 510, 517 (Colo. 1986) (en banc) and Steinback v. Meyer, 412 N.W.2d 917, 918 (Iowa Ct. App. 1987).

2    A lawyer may reveal such information to the extent the lawyer believes necessary:
(1) To prevent the client from committing a criminal or fraudulent act that the lawyer believes is likely to result in death or substantial bodily harm, or substantial injury to the financial interest or property of another;
(2) To rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services had been used;
(3) To establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client or to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved; or
(4) To comply with the Rules of Professional Conduct or other law.
Utah Rules of Professional Conduct 1.6(b). It is noted that none of these exceptions mandate disclosure by the lawyer.

3    Utah Rules of Professional Conduct 1.2.

4    "Whether another provision of law supersedes Rule 1.6 is a matter of interpretation beyond the scope of these Rules, but a presumption should exist against a supersession." Id. Rule 1.7 cmt.

## UT Eth. Op. 97-02 (Utah St.Bar.), 1997 WL 45141

---

**End of Document**
© 2016 Thomson Reuters. No claim to original U.S. Government Works.