Kasey L. Wright, Bar No. 9169
**HANSEN WRIGHT**
233 S. Pleasant Grove Blvd, Suite 202
Pleasant Grove, UT 84062
Telephone: (801) 443-2380
Facsimile No: (801) 796-0984
Email: kwright@hansenwright.com
*Attorneys for Non-parties Blair Jackson and Invictus Law, Pllc*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **Zoobuh, Inc**., a Utah Corporation<br><br>Plaintiff,<br>v.<br><br>**Better Broadcasting, LLC.,** a Utah limited liability company, **IONO Interactive**, a company doing business in Utah; Does 1-40.<br><br>Defendants. | **OBJECTION TO SUBPOENA AND MOTION TO QUASH SUBPOENA TO TESTIFY, PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION ISSUED TO BLAIR JACKSON, ESQ AND INVICTUS LAW, PLLC**<br><br>Case No. 2:11-cv-00516-DN<br><br>Judge David Nuffer |

Non-party Blair Jackson, Esq. ("Mr. Jackson"), and Invictus Law, PLLC ("Invictus"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 45 and DUCivR 7-1 hereby Object to and move to Quash Subpoena to Testify and Produce Documents, Information, or Objects (the "Subpoena") issued by Plaintiff Zoobuh, Inc., and its counsel, Chris L. Schmutz ("Mr. Schmutz"), to Invictus and Mr. Jackson.

**RELIEF SOUGHT**

Mr. Jackson and Invictus seek an order from this Court quashing the Subpoena issued by Mr. Schmutz, counsel for Plaintiff, on January 13, 2016. Plaintiff's Subpoena attempts to require Mr. Jackson/Invictus to violate Utah Code Annotated § 78B-1-137, Rules 1.6 and 1.9 of

the Utah Rules of Professional Conduct, the attorney-client privilege, and the attorney work-product privilege. Mr. Jackson and Invictus also seek an order of sanctions, including reasonable attorneys' fees and costs, against Plaintiff pursuant to Federal Rule of Civil Procedure 45(c)(1).

## RELEVANT FACTS

Mr. Jackson is a licensed Utah attorney and is the sole owner of Invictus. Invictus Law is, as the name implies, a law firm. Neither Mr. Jackson nor Invictus represent any parties in this action. Plaintiff issued the Subpoena on Mr. Jackson and Invictus on January 13, 2016. Plaintiff's Subpoena requests testimony and documents that (without admitting or denying the representation of any of the individuals or companies listed in the Subpoena) are very clearly protected by Utah Code Annotated §78B-1-137, Rules 1.6 and 1.9 of the Utah Rules of Professional Conduct, the Attorney-Client privilege, and the Attorney Work-Product privilege. Plaintiff's request is also a clear violation of Rule 26 and 45 of the Federal Rules of Civil Procedure. Likewise, Plaintiff's requests are overly broad, irrelevant, not proportional and nothing but an unfounded fishing expedition.

In June of 2011, Plaintiff filed its Complaint in this action alleging causes of action under the Federal CAN-SPAM Act of 2003. *See, generally,* 15 U.S.C. §7701 *et. seq.* Plaintiff's claims were initially against Envoy Media, Better Broadcasting, LLC and Iono Interactive. A review of the docket suggests that the case progressed and Plaintiff perhaps settled with the dismissed Envoy Media defendant. An Amended Complaint was then filed against Better Broadcasting, LLC and Iono Interactive (the "Amended Defendants"). Plaintiff ultimately obtained a default default judgment against the Amended Defendants. Thereafter, the case sat dormant for nearly three (3) years until new counsel, Mr. Schmutz, entered his appearance and issued the Subpoena to a lawyer/law firm, who are non-parties to the action. A true and correct copy of the subpoena

is attached hereto as Exhibit "A".  The docket shows no discovery attempts of any kind to the Amended Defendants by Plaintiff's prior or new counsel, who are in fact the parties against whom a judgment has been entered.

Instead of conducting discovery against the Amended Defendants in its action for the five-year period its case has been in existence, Plaintiff's Subpoena seeks to bypass the well-established discovery rules and procedures afforded to attorneys by making overly-broad, potentially-privileged, and highly-problematic requests of testimony and documents of all types and kinds of Mr. Jackson and Invictus.  Plaintiff's Subpoena also seeks information of other individuals and companies – each of which are non-parties to this action – and have no notice of this request, because it presumes Mr. Jackson or Invictus represents, or represented in the past, these non-party individuals or companies.  Likewise, the docket is silent as to whether notification was made to the Amended Defendants, according to F.R.C.P. Rule 45(a)(4).  Such service without the property notifications is in violation of established rules of civil procedure.

Upon receipt of the Subpoena, legal counsel for Mr. Jackson and Invictus sent a letter to Plaintiff's counsel depicting its responsibilities as attorneys and law firm and their inability to provide information responsive to the Subpoena.  Plaintiff's responded by email – reiterating the illogical and attenuated claims to pierce these privileges and attorney obligations.  A second letter was sent by legal counsel for Mr. Jackson and Invictus, and again Plaintiff's counsel responded by email.  A true and correct copy of the collective correspondence is attached hereto as Exhibit "B."  Additional communications occurred between counsel retained by Mr. Jackson and Invictus and Plaintiff's counsel.  Plaintiff and its legal counsel again refused to rescind the Subpoena.

Plaintiff's position is that because it has a judgment against the Amended Defendants, it has the right to: (1) ask Mr. Jackson and Invictus questions and demand documents of any kind, without restrictions about Amended Defendants; and (2) demand the same information about individuals and companies (not parties to this suit) that Plaintiff believes is or once was represented by Mr. Jackson and Invictus.  According to Plaintiff's counsel, the information which Mr. Jackson or Invictus allegedly has, might help Plaintiff collect on the judgment against Amended Defendants. But such requests do not bear on the issues presented in the case as Mr. Jackson and Invictus were not involved in the underlying action.  The Subpoena is improper and should be quashed.

## ARGUMENT

I. **ALL ATTORNEYS ARE BOUND BY RULES OF PROFESSIONAL CONDUCT.  URCP 1.6 AND 1.9 CLEARLY REQUIRES INFORMATION REGARDING REPRESENTATION TO BE MAINTAINED CONFIDENTIAL.**

Utah Rules of Professional Conduct, Rule 1.6, Confidentiality of Information, reads in relevant part as follows (emphasis added):

> (a) <u>A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent</u>, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).
> (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
> (b)(1) to prevent reasonably certain death or substantial bodily harm;
> (b)(2) to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;
> (b)(3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;
> (b)(4) to secure legal advice about the lawyer's compliance with these Rules;
> (b)(5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations

in any proceeding concerning the lawyer's representation of the client;
(b)(6) to comply with other law or a court order; or
(b)(7) to detect and resolve conflicts of interest arising from the lawyer's change of employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client.
(c) <u>A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.</u>

Pursuant to these rules, Mr. Jackson and Invictus are unable to respond as to whether they have in the past or whether they currently represent the Amended Defendants or the other individuals or companies cited in the Subpoena. If Mr. Jackson and Invictus affirmatively state that they did not represent certain individuals and/or companies, then the implication would be that they represented the others. Therefore, the Subpoena places Mr. Jackson and Invictus in an unresolvable predicament.

Further insights to URPC Rule 1.6 can be garnered from comments 2, 3, and 4 of the Rule (emphasis added):

> [2] A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, <u>the lawyer must not reveal information relating to the representation</u>…
> [3] The principle of client-lawyer confidentiality is given effect by related bodies of law: the attorney-client privilege, the work product doctrine and the rule of confidentiality established in professional ethics. The attorney-client privilege and work product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law. <u>The confidentiality rule, for example, applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source</u>. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law. See also Scope.
> [4] Paragraph (a) prohibits a lawyer from revealing information relating to the representation of a client. <u>This prohibition also applies to disclosures by a lawyer that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person</u>...

A key precept of ethical maintenance of confidentiality is that client information cannot be used to the detriment of the client, but rather only to advance a client's interest. On its face, the Subpoena offends the plain language and spirit of this Rule as well as demand that Mr. Jackson and Invictus breach their duty of confidentially.

The Utah State Bar Ethics advisory opinions also supports Mr. Jackson and Invictus' position. In Opinion 97-04, the Ethics Advisory Opinion Committee found it improper for a law firm to disclose "client's names, addresses and telephone numbers to securities brokers, financial planners, insurance salesmen and other professionals." *Id.* Similarly, in Opinion 97-02, the Ethics Advisory Opinion Committee found it improper for a law firm to disclose a telephone number to law enforcement authorities of a suspect of a felony charge. The committee opined (emphasis added):

> The fact that the client may be accused of committing a criminal act and the fact that the client may be a fugitive are not relevant to this issue, <u>and the attorney is ethically barred from revealing information relating to the representation of the client, even if revealing the information would assist in apprehending a fugitive</u>. The scope of confidentiality under Rule 1.6 is broad: <u>All information relating to representation of a client is confidential, even if the information is available elsewhere, and it may not be disclosed by the attorney unless it is covered by a specific exception contained in the rule</u>. (emphasis added)

Finally, Utah Rules of Professional Conduct, Rule 1.9 states in relevant part (emphasis added):

> (c) <u>A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter</u>:
> (c)(1) <u>use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client</u>, or when the information has become generally known; or
> (c)(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

According to the Rules of Professional Conduct, Jackson/Invictus must maintain confidences of former clients, but Plaintiff's Subpoena would force Jackson/Invictus to violate that obligation.

Indeed, Plaintiff's sole purpose of the Subpoena is to collect on a judgment. As a result, any disclosure that would disadvantage a former client would be in violation of this Rule and would be contrary to law.

## II. PLAINTIFF FILED AN IMPERMISSIBLE SUBPOENA UNDER FRCP 26.

The Plaintiff is entitled to a limited scope of discovery for its claims against the Amended Defendants. The FRCP 26(b) states in relevant part:

> (b) Discovery Scope and Limits.
> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Discovery is inherently limited, as set forth above, but Plaintiff's demand for production is not. For example, Plaintiff demanded "[a]ll correspondence…[a]ll documents…any professional services" for both parties and non parties to this action. Although Plaintiff and its counsel have been asked multiple times how "all documents" from the beginning of time until the date of the Subpoena, of Mr. Jackson and Invictus' alleged clients, could "all" possibly be relevant, Plaintiff and its counsel have refused to provide a plausible response. The wrongdoing claimed in this action is for alleged email abuses that occurred five (5) years ago. It is nonsensical to suggest that presumed client representation in 2016, 2015, 2014 (etc.), and each and every document created or exchanged during that time period, is somehow relevant to claimed wrongdoing in 2011. Further, without admitting to representation of any of the Amended Defendants or the other parties named in the subpoena, the burden and expense of such a production could be enormous. Clearly Plaintiff's Subpoena is not proportional to the needs of its case, is not limited

in scope, is not presented for the purpose of discovering information related to this matter, and places unreasonable burdens on nonparties to this action. For these reasons alone Plaintiff's Subpoena should be stricken.

### III. PLANTIFF IGNORED THE RULES OF FRCP 45

Under FRCP 45 Plaintiff and its counsel has a duty to take reasonable steps to avoid undue burden or expense on Mr. Jackson and Invictus: The Rule states:

> (d) Protecting a Person Subject to a Subpoena; Enforcement.
> (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

The Subpoena is remarkably overbroad, which alone forces Mr. Jackson and Invictus to hire counsel and file this Motion to Quash. On top of that, the rules of confidentiality, the scope of discovery, and the privileges afforded to attorneys and their clients, have also all been ignored. Next, it appears the subpoena is merely a tardy attempt to make up for Plaintiff's failure to fully investigate its claims five (5) years ago. By failing to investigate its claims, Plaintiff believes it can shift the expense and burden of gathering information to Mr. Jackson and Invictus. In each instance the actions of Plaintiff are not reasonable. As such, sanctions are required against Plaintiff.

### IV. THE SUBPOENA SEEKS TO VIOLATE THE ATTORNEY WORK-PRODUCT PRIVILEGE

Without admitting or denying the representation of Amended Defendants or any of the named parties in the Subpoena, assuming *arguendo* that Mr. Jackson or Invictus has represented (or is representing) one or all of them, the Subpoena potentially seeks to violate the Attorney Work-Product privilege. Although this argument cannot be addressed fully addressed, clearly it

is reasonable argument that a subpoena served by Plaintiff, which is unlimited in time, scope, topic, and to information related to this action between the named parties, could run afoul of the attorney work-product privilege.

The Attorney Work-Product doctrine "shelters the mental processes of the attorney providing a privileged area within which he can analyze and prepare his client's case." *Trans-Western Petroleum, Inc. v. Wolverine Gas & Oil Corp.*, Case No. 2:06-cv-801-TS-PMW, 2011 U.S. Dist. LEXIS 144744, *8 (D. Utah Dec. 15, 2011), *citing United States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008). Furthermore, "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Id.* at *8-*9. The work-product privilege "extends to the production of material assembled by an attorney in preparation for impending litigation." *Id.* at *9, *see also* FED R. CIV. P. 26(b)(3). Here the Subpoena potentially seeks work-product associated with this action and any other action the Amended Defendants or the parties identified in the subpoena could be involved in.

## V. THE SUBPOENA SEEKS TO VIOALTE THE ATTORNEY CLIENT PRIVILEGE

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States,* 449 U.S. 383, 389, (1981); cited by *United States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* Under the common law, the privilege will only be recognized when "the communication between the client and the attorney is made in confidence of the relationship and under circumstances from which it may reasonably be assumed that the communication will remain in confidence." *In re Qwest*

9

*Commc'n Int'l. Inc.,* 450 F.3d 1179, 1185 (10th Cir.2006) (quotation omitted) *Id.* Because confidentiality is critical to the privilege, it will be "lost if the client discloses the substance of an otherwise privileged communication to a third party." *Id.* (quotation omitted). "The confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived." *Id.* (quotation omitted).

Without admitting to or denying the representation of Amended Defendants or any of the named parties in the Subpoena, assuming *arguendo* that Mr. Jackson or Invictus has represented or is representing one or all of them, the Subpoena potentially seeks to violate the attorney-client privilege. Although this argument cannot be addressed fully, clearly it is a reasonable argument that a Subpoena served by Plaintiff, which is unlimited in time, scope, topic, and to information related to this action, could run afoul of the attorney-client privilege.

Similar restrictions have been codified in Utah Code Ann. § 78B-1-137. It states in relevant part (emphasis added):

> (2) An attorney <u>cannot, without the consent of the client</u>, be examined as <u>to any communication</u> made by the client to the attorney or any advice given regarding the communication in the course of the professional employment. An attorney's secretary, stenographer, or clerk cannot be examined, without the consent of the attorney, concerning any fact, the knowledge of which has been acquired as an employee.

Without admitting to or denying the representation of any of companies and individuals of whom Plaintiff seeks discovery, it is clear that Mr. Jackson and Invictus cannot serve as a witness against the interest of its clients.

## VI. SINCE PLAINTIFF AND ITS COUNSEL FILED AN IMPERMISSIBLE SUBPOENA THEY SHOULD BE ORDERED TO PAY JACKSON/INVICTUS' ATTORNEY'S FEES AND COSTS

Plaintiff and its counsel have violated their duties as a subpoenaing party and should be ordered to pay Mr. Jackson and Invictus' attorney's fees and costs incurred in responding to the Subpoena. The party issuing a Subpoena owes a duty to "take reasonable steps to avoid imposing

undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(c)(1). "The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." *Id.*

Plaintiff has requested clearly confidential information by commanding Mr. Jackson and Invictus to violate its ethical and legal duties to protect confidential information. Plaintiff has therefore violated its duty to avoid imposing an undue burden on Mr. Jackson and Invictus. Rule 45 requires that the Court impose on a party the duty and impose sanctions for violation of the duty to avoid imposing an undue burden on another party. Therefore, the Court should require Plaintiff to pay Mr. Jackson's and Invictus' reasonable attorney fees incurred by being forced to respond to Plaintiff's improper Subpoena.

## **CONCLUSION**

Based upon the foregoing facts and argument, Mr. Jackson and Invictus' Motion to Quash should be granted, and the Court should sanction Plaintiff for issuing an improper Subpoena.

DATED this the 27th day of January, 2016.

                        HANSEN WRIGHT

                        /s/ Kasey L. Wright

                        _____
                        KASEY L. WRIGHT
                        *Attorney for Blair Jackson & Invictus Law*