# EXHIBIT B



# invictus law

360 South Technology Court, Suite 200, Lindon, Utah 84042 – Phone 801.854.9212 – Fax: 801.415.9340 – InvictusPC.com

**William R. Knowlton, Esq.**
Licensed to Practice Law in AZ and UT

January 15, 2016

**VIA E-MAIL and CERTIFIED U.S. MAIL**
Mr. Chris L. Schmutz, Esq.
**SCHMUTZ & MOHLMAN, LLC**
190 North Main, Ste. 100
Bountiful, Utah 84010
E-mail: chrisschumtz.pc@gmail.com

RE: **Withdrawal of Subpoena;** *ZooBuh, Inc. v. Better Broadcasting, LLC*
**Case No.: 2:11-cv-00516DB**

Dear Mr. Schumtz:

We received your email correspondence dated January 14, 2016. Thank you for the offer to have a telephonic discussion regarding your defective subpoena. It appears from your message that you acknowledge the very significant challenges in responding to your request as drafted. Before we have a telephone call, you should be aware of our position on the following:

## I. Utah Rules of Professional Conduct, Rule 1.6, Confidentiality of Information.

> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).
> (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
> (b)(1) to prevent reasonably certain death or substantial bodily harm;
> (b)(2) to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;
> (b)(3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;
> (b)(4) to secure legal advice about the lawyer's compliance with these Rules;
> (b)(5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client;
> (b)(6) to comply with other law or a court order; or
> (b)(7) to detect and resolve conflicts of interest arising from the lawyer's change of

employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client.
(c) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

As you can see, based on the rules we operate under, Mr. Jackson and the Firm are unable to even respond to you about whether they have in the past, or since your subpoena seeks information current today, whether they currently represent any of the clients in your request. Therefore, as a threshold matter, Mr. Jackson and the Firm cannot and will not respond to any of your requests to the extent it would provide information about whether representation exists. Clearly, then, Mr. Jackson and the Firm cannot provide any of the material requested either as it pertains to past or current clients, because by doing so, it would violate this rule.

For further insight, we refer you to the comments two through four of this rule (underlines not in the original):

> [2] <u>A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation.</u> See Rule 1.0(e) for the definition of informed consent. This contributes to the trust that is the hallmark of the client-lawyer relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter. The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct. Almost without exception, clients come to lawyers in order to determine their rights and what is, in the complex of laws and regulations, deemed to be legal and correct. Based upon experience, lawyers know that almost all clients follow the advice given, and the law is upheld.
> [3] The principle of client-lawyer confidentiality is given effect by related bodies of law: the attorney-client privilege, the work product doctrine and the rule of confidentiality established in professional ethics. The attorney-client privilege and work product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law. <u>The confidentiality rule, for example, applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law.</u> See also Scope.
> [4] <u>Paragraph (a) prohibits a lawyer from revealing information relating to the representation of a client. This prohibition also applies to disclosures by a lawyer that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person.</u> A lawyer's use of a hypothetical to discuss issues

relating to the representation is permissible so long as there is no reasonable likelihood that the listener will be able to ascertain the identity of the client or the situation involved.

Obviously, a key precept of ethical maintenance of confidentiality is that client information cannot be used to the detriment of the client, but rather only to advance a client's interest. And, as you can see, the ethical duties of an attorney are extensive in terms of what information is protected. Your subpoena offends both the plain language and spirit of this rule.

## II. Rule 26 of the Federal Rules of Civil Procedure

Under Rule 26 of the Federal Rule of Civil Procedure, you have a limited scope of the material you are able to discover. Consider the plain language of the rule (underlines not in the original):

> (b) Discovery Scope and Limits.
> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter <u>that is relevant</u> to any party's claim or defense <u>and proportional to the needs of the case</u>, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

You failed to respond how "all documents" from the beginning of time until the date of your subpoena, between Mr. Jackson or the Firm, and its alleged clients could "all" possibly be relevant. This is especially salient considering the action occurred five (5) years ago. Your subpoena, as drafted, is an extreme abuse of a judicial privilege. A privilege which is only extended to those who covenant to abide by the Rules. If you choose not to respond to us, clearly you know that you will have to explain this position to the Judge.

## III. Rule 45 of the Federal Rules of Civil Procedure

Under Rule 45 of the Federal Rules of Civil Procedure, you have a duty to take reasonable steps to avoid undue burden or expense on Mr. Jackson and Invictus Law: The Rule states:

> (d) Protecting a Person Subject to a Subpoena; Enforcement.
> (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Mr. Chris Schmutz, Esq.
Withdrawal of Subpoena; Case No.: 2:11-cv-00516DB
January 15, 2016
Page 4 of 5

It is obvious that little to no thought was given to this Rule when your subpoena was issued. First, the subpoena is remarkably and nonsensically overbroad. Second, the rules, privileges, and laws that attorneys operate under make a response to your subpoena extremely cumbersome, costly, and in most cases, require a court order for response. Third, although your appearance in this case was filed in January of this year, this case is extremely old. Your predecessors had a duty to fully investigate their claims and action five (5) years ago. If they failed to do so, and you now believe your only way to find information (whether discoverable under the Rules or not) is by vexing Blair Jackson and Invictus Law, you are mistaken. What reasonable steps have you, or your predecessors, taken to prevent this undue burden being placed on Blair Jackson and Invictus Law? Again, if you choose not to respond to us, clearly you know that you will have to explain this position to the Judge.

### IV. The Attorney Work-Product Privilege

Your subpoena potentially seeks information under the attorney work-product privilege. As you are aware, documents prepared in anticipation of litigation or for trial by or for another party are privileged and are not discoverable. *See Gold Standard, Inc. v. American Barrick Res. Corp.*, 801 P.2d 909, 910 (Utah 1990).

### V. The Attorney-Client Privilege

Your subpoena potentially seeks information covered under the the attorney-client privilege. This privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor. To the extent Mr. Jackson or our Firm communicated with any of the named entities or individuals identified in your subpoena, it would be in relation to legal representation for which Mr. Jackson or our Firm was duly engaged. As such, those communications fall within the attorney-client privilege. You note in your response some non-novel proposed exceptions to this rule.

### VI. The Information You Seek is Old, Stale, and Likely Not Within Mr. Jackson's or the Firm's Possession

We tried in our last correspondence to give you some indication that, assuming you are able to clear all the above referenced hurdles, and obtain a court order requiring some actual production of information, the likelihood of Mr. Jackson or the Firm having anything of value for your action is extremely low.

Considering the foregoing, and our inability to talk to you about anything substantive in your requests, we would be willing to discuss your defective subpoena via telephone. Also, as we will be seeking a protective order unless you withdraw your subpoena, we would prefer that our meet-and-confer obligations include something more than written correspondence.

Finally, if we are not able to have this resolved before 4:00pm MST on Tuesday, January 19, 2016, we will be hiring outside counsel to represent Blair Jackson and the Firm's interests.

Mr. Chris Schmutz, Esq.
Withdrawal of Subpoena; Case No.: 2:11-cv-00516DB
January 15, 2016
Page 5 of 5

These fees will likely ultimately be born by you for your failure to abide by the clearly defined rules of conduct. We propose a telephone call on Tuesday January 19, 2016, at 10:00 am to resolve this matter.

Sincerely,

William R. Knowlton, Esq.

**From:** Chris Schmutz <chrisschmutz.pc@gmail.com>
**Sent:** Tuesday, January 19, 2016 11:11 AM
**To:** Bill Knowlton
**Subject:** Re: ZooBuh, Inc.

Mr. Knowlton: I have reviewed your letter dated January 15, 2016. You have quoted extensively from Rule 1.6 of the Utah Rules of Professional Conduct, but that rule does not apply to this situation. Comment 3 to Rule 1.6 makes clear that an attorney's response to a subpoena is governed by rules relating to the attorney-client privilege and/or attorney work product doctrine, not by the Rules of Professional Conduct. When responding to a subpoena, the governing rule is set forth in UCA section 78B-1-137(2). Under that rule, the identity of the client is not privileged, nor are the terms and conditions of the attorney's employment, the purpose for which the attorney has been retained, or matters relating to fees and payments. *Gold Standard, Inc. v. American Barrick Resources Corporation,* 801 P.2d 909, 911-912 (Utah 1990), and cases cited therein.

Even if Rule 1.6 applied to this case (which it does not), Rule 1.6(b)(3) would require you to provide the requested information. My client, ZooBuh, Inc., has suffered substantial injury to its financial interests as the result of fraudulent activity by Better Broadcasting, LLC ("BB, LLC") and IONO Interactive ("IONO"). Judgment has been entered against both entities in the amount of $1,608,360.00 (*see* copy of Judgment attached hereto). The Judgment resulted at least in part from fraudulent activity. *See ZooBuh, Inc. v. Better Broadcasting, LLC,* 2013 WL 2407669, *7 (D. Utah 2013).

You have also cited Rule 26, and argued that the subpoena seeks documents that are not relevant and are not proportional to the needs of the case. In response, I would first call to your attention that the subpoena to your firm and Mr. Jackson is a post-judgment collection tool, and in such cases, the limits of relevance are broad. All that need be shown is a nexus between the subpoenaed party and the judgment debtor. *Mountain Dudes, LLC v. Split Rock, Inc.,* 2013 WL 5435707, *2 (D. Utah 2013). In this case, there is a nexus between the judgment debtors, Mr. Jackson, and the other entities and individuals identified in the subpoena. The information we have been able to obtain indicates that IONO is the registered agent and member of BB,LLC. IONO is a Delaware LLC whose registered agent is another Delaware LLC called Dover Delaware Incorporators, LLC. When we contacted Dover Delaware Incorporators we were informed that their contact in Utah is Blair Jackson.

BB, LLC was a Utah company whose principal address was listed as 363 North University Avenue #110 in Provo. The only contact information for BB, LLC on the lease of its office space was a phone number: (888) 419-2464. That phone number belongs to MSupport, LLC, whose registered agent was Blair Jackson and whose owner is Ryan Poelman.

The other individual identified in the subpoena, Robert Carney, was apparently the registered owner of many of the domain addresses used by BB, LLC and IONO.

IONO is also listed as the registered agent and member for Common Contact, Expression Media, Factor of 3, and Red Mountain. A common theme for each of these entities is that they rented space which they never occupied and they have no contact information. On Expression Media's lease the only contact information was a phone number (888) 321-1268, which also belonged to MSupport.

From the foregoing it is clear that whoever directed the wrongful activity leading to the entry of judgment against BB, LLC and IONO went to considerable lengths to prevent anyone from finding out his or their identity. The best source we have for information regarding the identity of the principals of BB, LLC and IONO is Blair Jackson.

In your correspondence, you have asserted that the subpoena is overly broad, cumbersome and expensive; yet you have also asserted that you do not believe your firm has any of the requested documents. Obviously, the expense and burden depend on the volume of the material. If you do not have any of the requested documents, there is no burden or expense in producing them. On the other hand, if you have large files for each of the entities and individuals identified in the subpoena, the expense and burden could be great. I think it would be worthwhile for us to talk on the phone about the nature and extent of your files and the potential cost of producing documents. I am available most of today. Tomorrow and Thursday I will not be available. Friday I should be available most of the day, especially in the morning. Do you have time available today or Friday?

To help make our phone conversation productive, I can tell you that I am most interested in billing and payment records, corporate records, and correspondence; basically, anything that would identify individuals who own or control the judgment debtors or any of the other entities and that would help me understand the role, level of involvement and contact information for any such individuals, or the relationships of any of the entities with BB, LLC or IONO. The underlying purpose of the subpoena is to locate information leading to assets that could be applied in satisfaction of the judgment or to evidence supporting alter ego, substantive consolidation, or other legal or equitable claims that would allow us to collect on the judgment.

I look forward to hearing back from you.

# invictus law

360 South Technology Court, Suite 200, Lindon, Utah 84042 – Phone 801.854.9212 – Fax: 801.415.9340 – InvictusPC.com

**William R. Knowlton, Esq.**
Licensed to Practice Law in AZ and UT

January 14, 2016

**VIA E-MAIL and CERTIFIED U.S. MAIL**
Mr. Chris L. Schmutz, Esq.
**SCHMUTZ & MOHLMAN, LLC**
190 North Main, Ste. 100
Bountiful, Utah 84010
E-mail: chrisschumtz.pc@gmail.com

RE: **Withdrawal of Subpoena;** *ZooBuh, Inc. v. Better Broadcasting, LLC*
**Case No.: 2:11-cv-00516DB**

Dear Mr. Schumtz:

Our Firm, and it's owner Mr. Blair Jackson, Esq., received a subpoena signed by you in connection with *ZooBuh, Inc. v. Better Broadcasting, LLC*, Case No. 2:11-cv-00621 pending in the United States District Court for the District of Utah. Please direct all future correspondence in this matter to my attention. There are numerous highly problematic issues with your subpoena that require its immediate withdrawal.

First, as you are undoubtedly aware, the attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor. Also, the attorney work-product privilege extends to the production of materials assembled by an attorney in preparation for litigation or other impending legal matters. To the extent Mr. Jackson or our Firm communicated with any of the named entities or individuals identified in your subpoena, it would be in relation to legal representation for which Mr. Jackson or our Firm was duly engaged. As such, those communications fall within the attorney-client privilege or the attorney work-product privilege. As a result, the subpoena seeking those communications is improper as it seeks to set aside those privileges.

Next, your subpoena seeks information from parties entirely unrelated to your case. Under what theory are you entitled to subpoena information from counsel or perceived counsel of non-parties to your action?

Third, it appears your case originated in June of 2011. Under what theory are you entitled to subpoena from our law firm, or Mr. Jackson, every correspondence with our clients or perceived clients without date restrictions? If our law firm counseled a client in 2015 for a matter unrelated to your case, do you honestly believe you are entitled to discover it?

Mr. Chris Schmutz, Esq.
Withdrawal of Subpoena; Case No.: 2:11-cv-00516DB
January 14, 2016
Page 2 of 2

    Similarly, under what theory are you entitled to subpoena from our law firm, or Mr. Jackson, every correspondence without limitation to the subject matter or parties to your action? As an officer of the court, please explain how you are entitled to privileged information that has nothing to do with your action.

    Next, you should be aware that the firm, and Mr. Jackson, does not keep written or electronic client files after three (3) years concluding any representation. As such, any material potentially responsive to your request has long since been destroyed or returned to the client.

    Finally, as your subpoena is extremely broad, not time specific, and not material specific; and assuming the material is available and somehow not covered by the attorney-client privilege; and assuming it is somewhere stored on our servers or in our long term storage facility; how do you expect to pay for the research of such material? The $50.00 check is not enough to even start the discussion.

    It appears to us that your subpoena was not well considered before it was sentn to us. We request that you withdraw the subpoena immediately. Rule 45(c)(1) of the Federal Rules of Civil Procedure provides that the party issuing a subpoena owes a duty to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court **must** enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorneys' fees – on a party or attorney who fails to comply. *Id.* Should you refuse to withdraw the subpoena, we will file a motion to quash the subpoena and for sanctions pursuant to Rule 45.

    Please let us know by 4:00pm MST on Tuesday, January 19, 2016 if you will withdraw the subpoena voluntarily. Otherwise, we will proceed with a motion to quash and for sanctions.

                     Sincerely,

                       William R. Knowlton, Esq.

Mr. Knowlton: I received your email this afternoon responding to the subpoena served upon Blair Jackson in connection with ZooBuh, Inc. v. Better Broadcasting, LLC, Case No. 2:11cv00516 (the "Lawsuit"). I was able to open the letter that was attached to your email and have reviewed it. I will not withdraw the subpoena. With respect to the attorney client privilege, as I am sure you are aware, that privilege does not protect information relating to the fact of employment of an attorney by a client, the type of work performed or the matters for which the attorney was retained, the names of those with whom the attorney dealt and their relationship to the client, the dates and times of meetings and the general subject matter of the meetings.

All of the individuals and entities identified in the subpoena are listed in it because we have reason to believe that they are related to or connected to one or the other of the Defendants in the Lawsuit. We will be asking Mr. Jackson about them in order to determine the nature and extent of their relationship. Ultimately, our goal is to determine who owns or controls one or both of the Defendants. Our purpose is to collect on a judgment entered in the Lawsuit in favor of ZooBuh.

Since our purpose is to collect on the judgment, information about contacts between Mr. Jackson and anyone connected with the Defendants (including those individuals and entities listed in the subpoena) is relevant to the question of who owns or controls the Defendants.

With respect to the extent and nature of the documents requested in the subpoena, I would be happy to talk with you about that. We can also discuss the cost for producing whatever documents you have, the timing of production, and the form in which the documents will be produced. The $50 check was a witness fee for Mr. Jackson to attend the deposition on Feb 10.

I look forward to hearing back from you and discussing these issues further.

--

Chris L. Schmutz
Attorney at Law

SCHMUTZ & MOHLMAN, LLC
190 North Main #100
Bountiful, UT 84010
(801) 298-4800