# EXHIBIT C

Case 2:11-cv-00516-DN-BCW   Document 52-3   Filed 02/08/16   Page 1 of 3

UT Eth. Op. 97-04 (Utah St.Bar.), 1997 WL 223850

Utah State Bar
Ethics Advisory Opinion Committee
Opinion Number 97-04
Approved April 25, 1997

*1 *Issue*: May a law firm furnish lists of clients' names, addresses and telephone numbers to securities brokers, financial planners, insurance salesmen and other professionals, without receiving prior permission from the clients?

*Opinion*: Information given to an attorney by his client, including the client's name, address and telephone number, is confidential, and the attorney is prohibited from disclosing such information under Rule 1.6 unless the client consents after consultation.

*Facts*: As a result of providing legal services to its clients, a law firm has acquired a large number of names, addresses and telephone numbers of clients. The firm believes that various professionals, such as securities brokers, financial planners, insurance salesmen and others, would be interested in acquiring the firm's client list. The firm also believes that its clients may benefit from receiving information from these other professionals. The firm has requested an opinion on whether it can ethically provide its client list to these other professionals for a fee without obtaining prior consent of its clients. Alternatively, the firm asks whether it can ethically furnish its client list to these professional if it does *not* charge a fee.

*Analysis*: The situation presented by this request is analytically similar to that presented in Utah Ethics Advisory Opinion No. 97-02,[1] where we determined that an accused's telephone number, provided to his attorney in connection with a criminal investigation, was privileged information that could not be disclosed to law enforcement officials. The Committee believes the reasoning contained in Opinion No. 97-02 applies directly to the present situation.

Information provided to an attorney by a client during the course of representation is confidential under Rule 1.6,[2] and the rule prohibits the lawyer from revealing such information to a third party without the client's prior consent after consulting with the client.[3] Here, the law firm proposes to provide information given to it by its clients during the course of the firm's representation of those clients without first obtaining its clients' consent. Rule 1.6 has a broad scope: All information relating to a client is confidential, even if the information is available elsewhere. The attorney may disclose the information without the client's consent only if one of the exceptions specified in Rule 1.6(b) applies.

The application of Rule 1.6 also does not depend on whether the attorney receives or doesn't receive compensation for providing the information. Consequently, the law firm is prohibited from providing a client list to third parties, with or without compensation, unless it first obtains the consent of those clients on the list.

Footnotes

1  1997 WL 45141 (Utah St. Bar).
2  (a) A lawyer shall not reveal information relating to representation of a client except as stated in paragraph (b), unless the client consents after disclosure.
   (b) A lawyer may reveal such information to the extent the lawyer believes necessary:
   (1) To prevent the client from committing a criminal or fraudulent act that the lawyer believes is likely to result in death or substantial bodily harm, or substantial injury to the financial interest or property of another;
   (2) To rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services had been used;
   (3) To establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client or to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved; or

|  | (4) To comply with the Rules of Professional Conduct or other law. "Confidentiality of Information," Utah Rules of Professional Conduct 1.6(a), (b). |
|---|---|
| 3 | Utah Rule 1.6(a) uses the phrase "consents after disclosure"; its predecessor, DR 4-101(C)(1), uses the phrase "consents after full disclosure"; ABA Model Rule 1.6(a) uses the phrase "consents after consultation." We perceive no significant distinction among these variations. The client's consent must be subsequent to a meaningful communication with the attorney. |

UT Eth. Op. 97-04 (Utah St.Bar.), 1997 WL 223850

End of Document © 2016 Thomson Reuters. No claim to original U.S. Government Works.