# EXHIBIT D

Case 2:11-cv-00516-DN-BCW   Document 52-4   Filed 02/08/16   Page 1 of 3

UT Eth. Op. 97-02 (Utah St.Bar.), 1997 WL 45141

Utah State Bar
Ethics Advisory Opinion Committee
Opinion Number 97-02
Approved January 24, 1997

**\*1** *Issue*: Is information provided by an accused to his attorney in an initial telephone conference confidential as against a request from law enforcement authorities for such information?

*Opinion*: Information given to an attorney in an initial telephone conference by an individual whom the attorney has agreed to represent is confidential, even against a request for such information by law enforcement authorities seeking to apprehend the accused client.

*Facts*: After he had learned there was a warrant for his arrest as a suspect for a felony charge, an individual contacted an attorney by telephone. The individual gave information to the attorney, including a telephone number through which he could be contacted. The attorney agreed to represent the client solely to assist the client in turning himself in to the authorities. After the initial telephone conference, the attorney made contact with law enforcement authorities and made arrangements for the client to turn himself in. The client was to contact the attorney again but did not do so. The attorney was unable to make contact with the client to advise him of the arrangements made with the authorities. A law enforcement officer subsequently contacted the attorney and proposed to have the attorney contact the client while the officer was on the telephone line; he also requested the client's telephone number from the attorney. The attorney declined both of the requests, even after the law enforcement officer suggested the attorney could be prosecuted for harboring a fugitive from justice.

*Analysis*: An attorney/client relationship is established when a party seeks and receives the advice of an attorney in matters pertinent to the lawyers' profession.[1] An attorney/client relationship can arise from brief informal conversations, in person or by telephone, even though no fee is ever discussed or charged and no contract of employment is signed. In this case, advice and assistance were sought, and the attorney agreed to represent the client. Therefore, an attorney/client relationship was created.

The information given to the lawyer and his firm in the course of the representation is confidential. Rule 1.6, Confidentiality of Information, prohibits a lawyer from revealing information relating to representation of a client unless the client consents after consultation. There are permissible exceptions spelled out in Rule 1.6, none of which apply here.[2] The fact that the client may be accused of committing a criminal act and the fact that the client may be a fugitive are not relevant to this issue, and the attorney is ethically barred from revealing information relating to the representation of the client, even if revealing the information would assist in apprehending a fugitive. The scope of confidentiality under Rule 1.6 is broad: All information relating to representation of a client is confidential, even if the information is available elsewhere, and it may not be disclosed by the attorney unless it is covered by a specific exception contained in the rule.

**\*2** A lawyer may not assist a client in conduct that is criminal or fraudulent.[3] However, not revealing a phone number given by a client to his attorney in the course of representation does not assist the client in any criminal or fraudulent conduct.

Rule 1.6(b)(4) does permit a lawyer to reveal such confidential information to the extent the lawyer believes necessary to comply with the Rules of Professional Conduct or other law. The comment to this subsection, however, indicates there is a presumption against concluding that any other provision of law supersedes Rule 1.6.[4] There is nothing in the factual situation before us that would supersede Rule 1.6 and permit disclosure of confidential information.

Footnotes

1     E.g., Breuer-Harrison, Inc. v. Combe, 799 P.2d 716, 727 (Utah App. 1990), citing with approval People v. Morely, 725 P.2d 510, 517 (Colo. 1986) (en banc) and Steinback v. Meyer, 412 N.W.2d 917, 918 (Iowa Ct. App. 1987).

2     A lawyer may reveal such information to the extent the lawyer believes necessary:
(1) To prevent the client from committing a criminal or fraudulent act that the lawyer believes is likely to result in death or substantial bodily harm, or substantial injury to the financial interest or property of another;
(2) To rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services had been used;
(3) To establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client or to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved; or
(4) To comply with the Rules of Professional Conduct or other law.
Utah Rules of Professional Conduct 1.6(b). It is noted that none of these exceptions mandate disclosure by the lawyer.

3     Utah Rules of Professional Conduct 1.2.

4     "Whether another provision of law supersedes Rule 1.6 is a matter of interpretation beyond the scope of these Rules, but a presumption should exist against a supersession." Id. Rule 1.7 cmt.

UT Eth. Op. 97-02 (Utah St.Bar.), 1997 WL 45141

**End of Document**     © 2016 Thomson Reuters. No claim to original U.S. Government Works.