Kasey L. Wright, Bar No. 9169
**HANSEN WRIGHT**
233 S. Pleasant Grove Blvd, Suite 202
Pleasant Grove, UT 84062
Telephone: (801) 443-2380
Facsimile No: (801) 796-0984
Email: kwright@hansenwright.com

*Attorneys for Non-parties Blair Jackson and Invictus Law, Pllc*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Zoobuh, Inc., a Utah Corporation<br><br>Plaintiff,<br>v.<br><br>Better Broadcasting, LLC., a Utah limited liability company, IONO Interactive, a company doing business in Utah; Does 1-40.<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO TESTIFY, PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION ISSUED TO BLAIR JACKSON, ESQ AND INVICTUS LAW, PLLC**<br><br>Case No. 2:11-cv-00516 DB |

Non-party Blair Jackson, Esq. ("Mr. Jackson"), and Invictus Law, PLLC ("Invictus") through counsel, and pursuant to Federal Rule of Civil Procedure 45 and DUCivR 7-1 hereby file this Reply Memorandum in Support of their Motion to Quash Subpoena to Testify and Produce Documents, Information, or Objects (the "Subpoena") issued by Plaintiff Zoobuh, Inc., and its counsel, Chris L. Schmutz ("Mr. Schmutz"), to Invictus and Mr. Jackson.

## REPLY ARGUMENT

### I. THE REQUIREMENTS IMPOSED BY URPC 1.6 AND 1.9 ARE NOT EXTINGUISHED BECAUSE OF PLAINTIFF'S SUBPOENA

Plaintiff presumes in its memorandum that the Utah Rules of Professional Conduct, Rule 1.6 and 1.9, "apply only to voluntary disclosures, not to situations where information is sought by subpoena." Response Memorandum, page 4. Plaintiff suggests that support for its claim comes from comment 3 of the rule. However, a review of the comment provides no such instruction. In fact, the comment merely points out that different bodies of law are the source of the different protections afforded to a client. If Plaintiff's unsupported interpretation of comment 3 were the law, everyone and anyone could simply circumvent the tenents of attorney confidentiality by merely sending a subpoena. Such is not the case.

Further, Plaintiff's interpretation of comment 3 eviserates the plain language of the rules themselves. Utah Rules of Professional Conduct, Rule 1.6, states that "[a] lawyer <u>shall not</u> reveal information relating to the representation of a client unless the client gives informed consent." *Id. (emphasis added).* The rule then identifies the execptions to that rule in paragraph (b). *See Id.* Nowhere listed in these exceptions is an exception for a subpoena. As the plaintiff has cited no source for its position, we must assume that none exist.

Mr. Jackson and Invictus do not represent the Amended Defendants in this action. Whether they represent the Amended Defendants in other matters or whether they represent the seven named non-parties in the subpoena is explicitly protected information by Utah Rules of

Professional Conduct, Rule 1.6 and 1.9. Mr. Jackson and Invictus cannot respond to the subpoena, because, by doing so, it would violate the rules underwhich all attorneys operate.

## II. THE EXCEPTION AFFORDED UNDER URPC 1.6(b)(3) BELONGS TO THE ATTORNEY, NOT TO PLAINTIFF

Plaintiff next postulates that it can force disclosure under the exception found in 1.6(b)(3) of the Utah Rules of Professional Conduct. Plaintiff, however, has failed to consider all of the language of the rule. The rule states:

> **(b)** <u>A lawyer may reveal</u> information relating to the representation of a client <u>to the extent the lawyer reasonably believes necessary</u>
> …
> (b)(3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of <u>which the client has used the lawyer's services</u>

*Id (emphasis added).* Mr. Jackson and Invictus are unable to respond as to whether they have in the past or whether they currently represent the Amended Defendants or the other individuals or companies cited in the Subpoena. However, assuming arguendo they have, Mr. Jackson and Invictus controls the exception and not the subpoenaing party. Indeed, the language noted states: "to the extent [Mr. Jackson] reasonable believes necessary…" and not to the extent a judgment debtor believes necessary.

Next, although Mr. Jackson and Invictus are not parties to this action, the Complaint indicates that Plaintiff's case is a civil action about sending unsolicited commercial emails five years ago. The complaint in this action does not allege, nor does the corresponding judgment

rendered state the Amended Defendants committed a crime or a fraud using Mr. Jackson or Invictus' services. Again, Plaintiff's argument is without merit.

### III. PLAINTIFF AND ITS COUNSEL FILED A SUBPOENA UPON MR. JACKSON AND INVICTUS THAT FAR EXCEEDS THE SCOPE ALLOWED BY THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff may be entitled to a limited scope of discovery for its claims against the Amended Defendants. But, unfortunately for Mr. Jackson and Invictus, Plaintiff has failed to limit its discovery requests. Instead, Plaintiff has demanded every document of every kind in Mr. Jackson's and Invictus's possession about the Amended Defendants as well as non-party invidiuals Robert Carney and Ryan Poelman, and non-party businesses Common Contact, LLC; Dover Delaware Incorporators, LLC; Expresion Media, LLC; Factor of 3, LLC; MSupport, LLC; and Red Mountain Media, LLC. Further, the request is for documents from the beginning of time through the date of its subpoena. The only explanation given for this fishing expedition is that Jackson and Invictus should "help [Plaintiff] to…identify the individuals who control either of the Judgment Debtors, or to show alter ego or a similar remedy" so that Plaintiff can "recoup its losses." Response Memorandum, page 5.

Plaintiff's explanation, however, is hollow and unsupported. Assuming arguendo that Mr. Jackson and Invictus represented the Amended Defendants in an action in 2015, what would that representation have to do with an alleged misdoing in 2011? Further, if Plaintiff has information that the non-party companies and individuals are somehow liable for the actions in this matter, then why not bring its claim against them? By properly making a claim, these nonparties will at least have the opportunity to respond and, through proper discovery

4

procedures, provide whatever information to Plaintiff that is proper. Plaintiff's efforts here is to simply skip these well established rules, by demanding information that it is not entitled to, to perhaps prove a case it has not yet made.

**IV.     PLANTIFF AND ITS COUNSEL IGNORED THE RULES OF FRCP 45**

Under FRCP 45 Plaintiff and its counsel have a duty to take reasonable steps to avoid undue burden or expense on Mr. Jackson and Invictus. It is undeniable that the Subpoena is overbroad. However, Plaintiff, undaunted by its own illogic, opines that "Invictus is missing the point." Response Memorandum, page 9. Plaintiff declares that it is simply due limitless discovery because "Plaintiff is trying to satisfy [a] Judgment." *Id.* With all due respect to the Plaintiff, an explanation on why every document of every kind (allegedly in Mr. Jackson's or Invictus' possession, from the beginning of time through the date of the subpoena, for parties and non-parties to this action) is a crucial point.

Ironically, the *Mountain Dudes, LLC v. Split Rock, Inc.* that Plaintiff cites in his opposition memorandum makes this point very clearly as discovery pertains to non-parties. The court recognized:

> While disclosure concerning the assets of a nonparty is "not generally contemplated" by the federal rules, courts have permitted such discovery "<u>upon a somewhat heightened showing of necessity and relevance-*i.e.,* at least some demonstration of concealed or fraudulent transfers or alterego relationship with the judgment debtor.</u>" *Uniden Corp. Of America v. Duce Trading Co., Ltd.,* 1993 WL 286102 (W.D.N.Y. July 19, 1993) (Unpublished.) This "somewhat heightened" standard does not require an actual finding of alterego or fraud. <u>Rather, discovery has been permitted against a nonparty 'where the relationship between the judgment debtor and the nonparty is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them.'</u> *Magnaleasing Inc. v. Staten Island Mall,* 76 F.R.D. 559, 562 (D.C.N.Y.1977) (Judgment debtor obtained discovery against a nonparty when the same individuals controlled both

5

the judgment debtor and the third party.) *See also, Falicia v. Advanced Tenant Servs., Inc.,* 235 F.R.D. 5, 9 (D.D.C.2006) (A creditor could obtain discovery from nonparty business run by debtor's relatives because relationship raised "a colorable suspicion" that the nonparty was a "mere extension" of a debtor's "business operations"); <u>Thus, in order to successfully move for discovery against a nonparty the movant need not prove conclusively that the nonparty is an extension of the judgment debtor, but need only present evidence sufficient to raise legitimate questions about the relationship between the judgment debtor and the nonparty, and consequently, transactions between the two</u>.

*Mountain Dudes, LLC v. Split Rock, Inc.,* No. 2:08-CV-00940, 2013 WL 5435707, at *2 (D. Utah Sept. 29, 2013) (emphasis added). The Plaintiff has made no attempt to present evidence demonstrating any kind of relationship between the Amended Defendants and the non-parties. Instead, the Plaintiff charges forward with its claim that it is due limitless discovery because it has a judgment to collect.

Finally, if Plaintiff believes *Mountain Dudes* is representative of good law then why would Plaintiff not follow its precepts? In that matter, the *Mountain Dudes* sought an order "to require Defendant […] and eleven other individuals and entities ("nonparties") to answer questions and produce documents related to transactions with, and the property and assets of Defendant. *Id.* at *1. *Mountain Dudes*, however, did not try to circumvent the party defendant and the non-parties by issuing a subpoena to a law firm and an attorney that *Mountain Dudes* believed had information helpfult to it. Instead, *Mountain Dudes* reached out to the parties and nonparties directly. Those parties were then given an opportunity to respond to the requests and to present their objections as they deemed appropriate.

In this action, Plaintiff has identified seven non-parties that it believes are somehow connected to the Amended Defendants and that it belives might help it collect its judgment. Yet,

Plaintiff admits that it has not contacted them. Indeed, Plaintiff states its "Subpoena is the Plaintiff's attempt…to seek discovery." Opposistion Memorandum, Page 3. Under FRCP 45 Plaintiff is "responsible for issuing and serving a subpoena" which "avoid[s] imposing undue burden or expense on a person subject to the subpoena." *Id.* It is not reasonable for Plaitniff to put Mr. Jackson and Invictus through unnecessary cost and expense considering the foregoing, and the Motion to Quash filed previously, especially considering it has not tried to obtain information elsewhere.

## **CONCLUSION**

Based upon the foregoing facts and argument, Mr. Jackson and Invictus' Motion to Quash should be granted, and the Court should sanction Plaintiff and Plaintiff's counsel for issuing an improper Subpoena.

DATED this the 24th day of February, 2016.

                                          HANSEN WRIGHT

                                        /s/ Kasey L. Wright
                                        _____
                                        KASEY L. WRIGHT
                                        *Attorney for Blair Jackson & Invictus Law*

**MAILING CERTIFICATE**

I hereby certify that I caused a true and correct copy of the foregoing to be delivered by way of electronic delivery through the Court's electronic filing system and mailed , first class, postage prepaid this the 24th day of February, 2016, to the following:

>Chris L. Schmutz
>Schmutz & Mohlman
>190 North Main #100
>Bountiful, Utah  84010
>chrisschmutz.pc@gmail.com

>/s/ Dorothy Woodcox
>_____
>DOROTHY WOODCOX
>Legal Assistant