Evan A. Schmutz (3860)
eschmutz@djplaw.com
Jordan K. Cameron (12051)
jcameron@djplaw.com
Durham Jones & Pinegar
3301 North Thanksgiving Way #400
Lehi, UT   84043
Phone:   (801) 375-6600

Chris L. Schmutz #4759
Schmutz & Mohlman
190 North Main #100
Bountiful, UT   84010
Phone:   (801) 298-4800
Email:   chrisschmutz.pc@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZooBuh, Inc., a Utah corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>Better Broadcasting, LLC, a Utah limited liability company; IONO Interactive, a company doing business in Utah; Does 1-40,<br><br>  Defendants. | REQUEST FOR HEARING<br><br><br>Case No:   2:11-cv-00516 DB |

Plaintiff ZooBuh, Inc., by and through counsel and pursuant to D.U.Civ.R. 7-1(f), hereby requests a hearing on the Objection to Subpoena and Motion to Quash Subpoena to Testify, Produce Documents, Information, or Objects in a Civil Action Issued to Blair Jackson, Esq and Invictus Law Office (the "**Motion to Quash**").

Plaintiff obtained a default judgment in the amount of $1,608,360.00 against Better Broadcasting, LLC and IONO Interactive, based on their violations of the CAN-SPAM Act, 15 U.S.C. §§7701 – 7713 (the "**Act**") which prohibits sending commercial e-mails with false and misleading header information. *ZooBuh, Inc. v. Better Broadcasting,* 2013 WL 2407669, *1 (D. Utah 2013).

In granting judgment to ZooBuh, the court found that one of the ways in which the Defendants violated the Act was by sending thousands of e-mails to ZooBuh which were designed in such a way as to prevent the recipient from identifying the sender of the e-mail. *ZooBuh, supra,* at *6.

In a similar manner, Defendants have taken pains to make it difficult for ZooBuh, or any other creditor, to identify the individuals who own or control the Defendants. Blair Jackson and his law firm are the only known source of information to identify those individuals who caused the violations that gave rise to the judgment.

A hearing on the Motion to Quash is necessary so that counsel and the court can discuss the law firm's documents, the extent to which any of them may be privileged, the procedure for identifying and redacting the privileged portions, if any, the timing of a deposition for Mr. Jackson and the areas of questioning which will be allowed in order to

balance the need to protect privileged information with the need to disclose non-privileged information.   For these reasons, good cause exists for a hearing on the Motion to Quash.

    DATED this 25th day of February 2016.

                                            /s/   Chris L. Schmutz
                                         Chris L. Schmutz
                                         Email:   chrisschmutz.pc@gmail.com
                                         SCHMUTZ & MOHLMAN, LLC
                                         190 North Main #100
                                         Bountiful, UT   84010