IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZooBuh, Inc., a Utah corporation,<br><br>              Plaintiff,<br>v.<br><br>Better Broadcasting, LLC, a Utah limited liability company; IONO Interactive, a company doing business in Utah; Does 1-40,<br><br>              Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-00516 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Plaintiff Zoobuh, Inc. (Zoobuh) moves the court to pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i)[1] to compel compliance with subpoenas to produce documents.[2] These subpoenas were issued in aid of collection for a default judgment in the amount of $1,608,360.00.[3] They include a subpoena issued to third party Bank of Utah (Bank of Utah subpeona) and a subpoena issued to third party MSupport, LLC (MSupport subpoena). The Bank of Utah does not object to the subpoena issued to it, but MSupport objects to both subpoenas. Under Federal Rule of Civil Procedure 69(a)(2) a judgment creditor "may obtain discovery from any person"[4] including but not limited to the judgment debtor, in accordance with the Federal Rules or the state rules where a court is located. Based upon Rule 69 and for the reasons set forth herein, the court will grant the Motion to Compel Compliance with the

---

[1] Fed. R. Civ. P. 45(d)(2)(B)(i) provides "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."

[2] Docket no. 76, docket no. 77.

[3] Judgement in a Civil Case, docket no. 49, filed May 31, 2013.

[4] Fed. R. Civ. P. 69(a)(2).

Subpoena to Bank of Utah and take under advisement the Motion to Compel Compliance with Subpoena to MSupport.[5]

## BACKGROUND

In May 2013 judgement was entered in favor of Zoobuh and against Defendants Better Broadcasting, LLC and IONO Interactive for $1,608,360.[6] Nearly three years passed before Zoobuh, in attempting to collect on the judgment, issued a subpoena to non-party Blair Jackson. After a series of disputes and court orders, it appears Mr. Jackson and Zoobuh have come to some sort of resolution on the subpoena and presumably information has been provided.[7]

Now in a further attempt to collect on the judgment, Zoobuh has issued a subpoena to non-parties Bank of Utah and MSupport.

## DISCUSSION

Plaintiff Zoobuh moves the court to compel compliance with the subpoena served to Bank of Utah and the subpoena served on MSupport. The subpoena issued to Bank of Utah seeks production of "all bank account records for the period beginning September 1, 2010 and ending September 1, 2013, including without limitation all account statements, all checks (back and front), and all deposit records, for each and every account belonging to or in the name of MSupport LLC."[8]

The subpoena issued to MSupport seeks the following:

1. All Documents, including without limitation corporate or LLC books and records, tax returns and other accounting or financial records, bank records and any other Documents (including Electronically Stored Information), from

---

[5] Local Rule 69-1(b) provides for a hearing before a magistrate judge. The undersigned finds a hearing is unnecessary at this time because in its motions Zoobuh is seeking information rather than asking for someone to "appear in court and answer concerning . . . property or assets."

[6] Judgement in a Civil Case filed May 31, 2013, docket no. 49.

[7] *See* Order Directing the Filing of a New Subpoena dated October 25, 2016, docket no. 74.

[8] Motion to Compel Compliance with Subpoena to Bank of Utah p. 10, docket no. 76.

January 1, 2010 through December 31, 2013, that refer or relate to, name, discuss or identify Better Broadcasting, Expression Media, or IONO.
2. All Documents that refer to Winterton Properties or that refer or relate to a lease or leasing relationship in which Winterton Properties is the lessor.
3. All Documents from January 1, 2010 through December 31, 2013 that refer or relate to account number 1369134 or account number 36590.
4. All Documents from January 1, 2010 through December 31, 2013 that refer or relate to Veracity Communications, including without limitation all checks made payable to Veracity Communications.[9]

Whether compliance with the subpoenas should be compelled by the court is governed in large part by the policies underlying Rule 69 of the Federal Rules of Civil Procedure and Local Rule 69-1. A recent decision from this court explains that:

> Under Fed. R. Civ. P. 69(a)(2), a judgment creditor "may obtain discovery from *any person*" including, but not limited to the judgment debtor, . . . . [and] DUCivR 69-1(a) provides that "[a]ny party having a final judgment on which execution may issue may make a motion to have the judgment debtor *or other person* in possession of, or having information relating to, property or other assets that *may be* subject to execution or distraint appear in court and answer concerning such property or assets." . . .
>
> The rules governing discovery "are to be accorded a broad and liberal treatment." This is true whether the discovery is part of pretrial or post judgment proceedings. The purpose of post judgment discovery is "to learn information relevant to the existence or transfer of the judgment debtor's assets." Thus, when supplemental proceedings are "an attempt to discover assets by which to satisfy its judgment, plaintiff is entitled to a very thorough examination of the judgment debtor." This thorough examination includes third parties. Indeed, "there is no doubt that third parties can be examined in relation to the financial affairs" of a judgment debtor."[10]

---

[9] Motion to Compel Compliance with Subpoena to MSupport LLC. p. 14, docket no. 77.

[10] *Mountain Dudes, LLC v. Split Rock, Inc.*, No. 2:08-cv-940, 2013 WL 5435707, *2 (D.Utah Sep. 29, 2013) (unpublished) (citations omitted, emphasis in original).

3

In addition a court has a duty to not necessarily quash a subpoena, but if it is overbroad it can reduce the demand to "what is reasonable, considering the discoverer's needs and the discoveree's problems."[11]

### (i) The court will compel production of the subpoena issued to the Bank of Utah

MSupport argues the Bank of Utah subpoena is objectionable because (1) it is overbroad and places an undue burden upon MSupport; (2) seeks disclosure of confidential commercial information; (3) is impermissible under Federal Rule of Civil Procedure 26 based upon principles of relevance and proportionality; and (4) the subpoena fails to meet the "heightened burden under the case . . . law cited by Plaintiff for obtaining discovery from a nonparty."[12] The court finds MSupport's arguments unpersuasive.

At the outset MSupport misconstrues the standard for discovery as it relates to the subpoena. As previously noted by Judge Nuffer in this case and by Judge Waddoups in the *Mountain Dudes* matter, discovery is still "broad and liberal" in seeking information in aid of a judgement under Rule 69. "There is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor."[13] Zoobuh has presented evidence—a series of checks written on MSupport's account in behalf of Defendant Better Broadcasting—that provide a nexus to at least one Defendant in this action.[14] The court therefore finds the requested information is relevant.

Additionally, the subpoena is limited by a time frame beginning on September 1, 2010 and ending September 1, 2013. Thus, Zoobuh is not requesting the expansive assortment of

---

[11] *Deithcman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 560 (7th Cir. 1984); *see also Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 102 (D.D.C. Oct. 5, 2005) ("The quashing of a subpoena is an extraordinary measure and is usually inappropriate absent extraordinary circumstances.")

[12] Op. p. 1, docket no. 83.

[13] *Caisson Corp. v. Cty. W. Bldg. Corp*., 62 F.R.D. 331, 335 (E.D. Pa. 1974)

[14] *See* Zoobuh's Mem. in Supp. of Subpoena to Invictus and Jackson Ex. 6, docket no. 71.

information MSupport alleges and there are no violations of proportionality.[15] This same limited time frame also undermines MSupport's objections concerning the subpoena being overbroad and unduly burdensome. The court has also reviewed the subpoena and finds it is not facially overbroad.[16] MSupport also fails to provide any "'strong showing'" that the information sought by Zoobuh is confidential commercial information.[17] Thus that argument fails.

Last and perhaps most important to the Bank of Utah subpoena, the subpoena is not directed to MSupport but to Bank of Utah, which has not objected to it. In *U.S. v. Continental Bank & Trust Co.*[18] the Tenth Circuit concluded that the bank, which was contesting a summons requesting a customer's deposits and cancelled checks drawn on their account, had no expectation of privacy in the bank account records. Even the customer, i.e. the account holder, had "no proprietary interest in the bank's records."[19] With no "bank-depositor privilege" the records were not restricted and the court stated a customer is "not entitled even to notice of the proposed examination of the bank's records . . . ."[20]

Given this precedent, there are serious questions regarding MSupport's standing to contest production of these records. Any heightened burden arguments are undermined by such questions and a lack of standing precludes MSupport's opportunity to even challenge the subpoena. Regardless of the standing concerns, however, the court finds no reason on the facts

---

[15] *See e.g., Mountain Dudes,* 2013 WL 5435707, *2; *British Intern. Ins. Co., Ltd. v. Seguros La Rupublica, S.A.,* 200 F.R.D. 586, 589 (W.D.Tex. 2000).

[16] *See British Intern.*, 200 F.R.D. at 591 ("Although undue burden can be found when a subpoena is facially overbroad, the Court cannot agree that requests 3 and 6 are such.")

[17] *See Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D.Cal. 2006) (quoting *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 338 (N.D.Cal. 1995)).

[18] 503 F.2d 45 (10th Cir. 1974).

[19] *Id.* at 49.

[20] *United States v. Cont'l Bank & Trust Co., 503 F.2d at 49*; *See also Galbraith v. United States*, 387 F.2d 617, 618 (10th Cir. 1968) (holding the records were property of the bank and the customer lacked an interest in the records).

before it that the subpoena to Bank of Utah should not be enforced. The undersigned will grant the motion to compel.

### (ii) The court will order MSupport to provide further quantification regarding its burden

MSupport raises the same objections to the subpoena issued to it as it does to the Bank of Utah Subpoena. The MSupport subpoena is objectionable because (1) it is overbroad and places an undue burden upon MSupport; (2) seeks disclosure of confidential commercial information; (3) is impermissible under Federal Rule of Civil Procedure 26 based upon principles of relevance and proportionality; and (4) the subpoena fails to meet the "heightened burden under the case . . . law cited by Plaintiff for obtaining discovery from a nonparty."[21]

The undersigned finds much of the same reasoning set forth earlier with respect to the Bank of Utah subpoena applies equally to the MSupport subpoena. This includes the standard for discovery, the availability of discovery from third parties and the limited time frame of the requests. Such reasoning rejects MSupports arguments regarding impermissibility under Rule 26.

In addition, there is no need to apply a "heightened burden" to the subpoena. MSupport misconstrues Judge Waddoups' decision which noted a "somewhat heightened" standard is appropriate to requests for "disclosure concerning the assets of a nonparty . . . ."[22] Here Zoobuh does not request MSupport to disclose information about its own assets. Thus the court rejects MSupport's heightened burden arguments.

---

[21] Op. p. 1, docket no. 82.

[22] *Mountain Dudes* 2013 WL 5435707 *2.

Next, the court is not convinced that the information sought should not be disclosed even if it is "confidential business information."[23] Local Rule 26-2[24] concerning the standard protective order is still applicable in this case and the standard protective order will protect any commercially sensitive information to the extent it exists.[25] MSupport argues that disclosing the information "especially in the form requested by Plaintiff will invariably harm the party that had to disclose the information."[26] MSupport fails to support this assertion and fails to establish that the information sought is of such important proprietary information, in accordance with Fed. R. Civ. P. 45(d)(3)(B), that it should not be disclosed under any circumstances. The undersigned therefore rejects these arguments against production.

The court does share some concern with the overbreadth and potential undue burden of the MSupport subpoena. First, in accordance with the other requests found in the subpoena the court finds it appropriate to limit the request for documents that refer to "Winterton Properties" to the same time frame as the other requests – January 1, 2010 through December 31, 2013. This will reduce the overbroad request for all documents without any time limitation.

Next, it is well settled that the party seeking to quash or object to a subpoena "bears the burden of showing that it subjects [them] to undue burden."[27] MSupport argues the burden is excessive and "it would be extremely costly for MSupport to comply with the demands of the [MSupport subpoena]."[28] Indeed, it "may cost thousands of dollars to obtain documents, review

---

[23] Op. p. 3, docket no. 82.

[24] *See* http://www.utd.uscourts.gov/documents/rules.html#DUCivR26-2.

[25] *See* NOTICE FORM THE COURT, docket no. 46.

[26] Op. p. 4, docket no. 82.

[27] *Flanagan v. Wyndham Int'l Inc*., 231 F.R.D. 98, 102 (D.D.C. 2005).

[28] Op. p. 2, docket no. 82.

them for privilege and other commercially confidential information, and to redact them appropriately . . . ."[29]

When arguments regarding undue burden are made "courts generally employ a balancing test, weighing the burdensomeness to the moving party against the [other party's] need for, and the relevance of, the information being sought."[30] The burden here is on MSupport to show that the subpoena imposes an undue burden.[31] Zoobuh argues the balancing test "favors requiring compliance with the subpoena."[32] That argument is premature, however, because undue burden cannot be established or even properly weighed without some quantification from MSupport of the material in its possession that is responsive.[33]

Accordingly with the date limitation set forth previously, the court will order MSupport to search for documents that are responsive and provide to the court and Zoobuh an accounting of the material that is responsive. If needed MSupport is also to file a detailed privilege log in accordance with Rule 45. Upon completion the parties <u>are ordered to meet and confer</u> regarding the responsive materials. Once this is complete the parties are to notify the court and then the court may if necessary properly balance and narrow the scope of information or exclude privileged documents.

## ORDER

IT IS HEREBY ORDERED that Zoobuh's Motion to Compel Compliance with the Subpoena to Bank of Utah is GRANTED. MSupport's objections to that subpoena are overruled.

---

[29] *Id.* at p. 3.

[30] *Flanagan*, 231 F.R.D. at 102

[31] *See id.*

[32] Motion to Compel Compliance with Subpoena to MSupport LLC. p. 4, docket no. 77 (emphasis omitted).

[33] *See* Order Sustaining Objection to Magistrate Judge's Order p. 5, docket no. 68.

IT IS FURTHER ORDERED that MSupport is to quantify the material sought in the MSupport subpoena and provide further documentation with the court and Zoobuh within thirty (30) days from the date of this order.

The court takes UNDER ADVISEMENT the Motion to Compel Compliance with Subpoena to MSupport pending further documentation from MSupport and the parties completing their meet and confer requirements.

IT IS FURTHER ORDERED that all requests for attorney fees and costs are DENIED. Each side shall bear its own costs on the motions.

DATED this 24 April 2017.

_____
Brooke C. Wells
United States Magistrate Judge