IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZooBuh, Inc., a Utah corporation,<br><br>               Plaintiff,<br>v.<br><br>Better Broadcasting, LLC, a Utah limited liability company; IONO Interactive, a company doing business in Utah; Does 1-40,<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-00516 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Before the court is non-party EMServe LLC's Motion for Protective Order.[1] EMServe objects to a subpoena issued to Wells Fargo Bank by Plaintiff Zoobuh, Inc. As set forth below the court will deny the motion.[2]

## BACKGROUND

In May 2013 judgement was entered in favor of Zoobuh and against Defendants Better Broadcasting, LLC and IONO Interactive for $1,608,360.[3] Some time passed before Zoobuh sought to collect on the judgment. Zoobuh then issued subpoenas to different respective parties seeking to collect on the judgment. Among these subpoenas is one issued to Wells Fargo bank. Wells Fargo does not contest the subpoena but EMServe brings the instant motion for a protective order.

---

[1] Docket no. 92.

[2] There appears to be some likelihood that the motion is already moot. In opposition to the motion Plaintiff states that Wells Fargo has "already produced . . . the documents requested in the Subpoena." Op. p. 2. The court, however, chooses to weigh the merits of the motion because it is unclear from the parties' memoranda whether there may be more responsive documents.

[3] Judgement in a Civil Case filed May 31, 2013, docket no. 49.

DISCUSSION

Federal Rule of Civil Procedure 69(a)(2) provides that a judgment creditor "may obtain discovery from any person"[4] including but not limited to the judgment debtor, in accordance with the Federal Rules or the state rules where a court is located. A recent decision from this court addressed the scope of Rule 69 under the discovery rules.

> The rules governing discovery "are to be accorded a broad and liberal treatment." This is true whether the discovery is part of pretrial or post judgment proceedings. The purpose of post judgment discovery is "to learn information relevant to the existence or transfer of the judgment debtor's assets." Thus, when supplemental proceedings are "an attempt to discover assets by which to satisfy its judgment, plaintiff is entitled to a very thorough examination of the judgment debtor." This thorough examination includes third parties. Indeed, "there is no doubt that third parties can be examined in relation to the financial affairs" of a judgment debtor."[5]

This subpoena served on Wells Fargo requests "'all bank account records for the period beginning September 1, 2010 and ending September 1, 2013, including without limitation all account statements, all checks (back and front) and all deposit records, for each and every account belonging to or in the name of EMServe, LLC.'"[6]

Before turning to the merits of EMServe's objections the court must first consider whether EMServe has standing. "Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."[7]

---

[4] Fed. R. Civ. P. 69(a)(2).

[5] *Mountain Dudes, LLC v. Split Rock, Inc.*, No. 2:08-cv-940, 2013 WL 5435707, *2 (D.Utah Sep. 29, 2013) (unpublished) (citations omitted, emphasis in original).

[6] Motion for Protective Order p. 1, docket no. 92.

[7] *Richards v. Convergys Corp.*, 2007 WL 474012 *1 (D.Utah February 6, 2007); *see also Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003); *Hertenstein v. Kimberly Home Health Care, Inc*., 189 F.R.D. 620, 635 (D. Kan. 1999); Charles Allen Wright & Arthur R. Miller, 9A *Federal Practice and Procedure* § 2459 (3d ed.2008).

In *U.S. v. Continental Bank & Trust Co.*[8] the Tenth Circuit concluded that the bank, which was contesting a summons requesting a customer's deposits and cancelled checks drawn on their account, had no expectation of privacy in the bank account records. Relevant here, even the customer, i.e. the account holder, had "no proprietary interest in the bank's records."[9] With no "bank-depositor privilege" the records were not restricted and the court stated a customer is "not entitled even to notice of the proposed examination of the bank's records . . . ."[10] This precedent seriously calls into question EMServe's standing to contest the subpoena. EMServe, however, seeks to distinguish such precedent and the "personal right or privilege" requirement by arguing that it is not seeking "that the subpoena be quashed pursuant to Rule 45, but rather has argued that there are certain different protections offered under Rule 26" that warrant a protective order.[11]

Other courts have rejected similar arguments as those made by EMServe regarding undue burden,[12] relevancy[13] and over breadth[14] when a third party has sought to quash a subpoena.

---

[8] 503 F.2d 45 (10th Cir. 1974).

[9] *Id.* at 49.

[10] *United States v. Cont'l Bank & Trust Co., 503 F.2d at 49*; *See also Galbraith v. United States,* 387 F.2d 617, 618 (10th Cir. 1968) (holding the records were property of the bank and the customer lacked an interest in the records).

[11] Reply in support of motion for protective order p. 1, docket no. 94.

[12] *See Dallas Buyers Club, LLC v. John Does 1–20,* No. 14–CV–02481–WYD–MEH, 2014 WL 5326460, at *2 (D.Colo. Oct. 17, 2014) ("[W]here a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden."); *see also Howard v. Segway, Inc.,* No. 11–CV–688–GKF–PJC, 2012 WL 2923230, at *2 (N.D.Okla. July 18, 2012) ("Even where a party has standing to quash a subpoena based on privilege ... it still lacks standing to object on the basis of undue burden.") (citation omitted); *Mount Hope Church v. Bash Back!,* 705 F.3d 418, 427 (9th Cir.2012) (interpreting "undue burden" language at Fed.R.Civ .P. 45(d)(1) to apply to "the burden associated with [subpoena] compliance" rather than "the burdens associated with guarding protected information."); *Malibu Media, LLC v. John Does 1–15,* No. 12–2077, 2012 WL 3089383, at *8 (E.D.Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

[13] *See* US Bank Nat. Ass'n v. PHL Variable Ins. Co., No. 12–CV–6811–CM–JCF, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) ("A party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a nonparty."); Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D.Kan.1995) ("In general, [a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter

Even if the court presumes Rule 26 protections do not fall within a similar analysis, the court is still not persuaded by EMServe's arguments. First, there is an adequate nexus between EMServe and others such as MSupport and Ryan Poelman to warrant the discovery especially at the broad initial stages of discovery. Second, EMServe has failed to demonstrate "annoyance, embarrassment, oppression or undue burden or expense."[15] And finally, the requested discovery is not outside the scope permitted by the Federal Rules. The subpoena is limited in time and the court finds it is "proportional to the needs of the case."[16]

## ORDER

IT IS HEREBY ORDERED that EMServe's Motion for Protective Order is DENIED.[17]

DATED this 21 August 2017.

Brooke C. Wells
United States Magistrate Judge

---

requested in the subpoena." (internal quotation marks and citation omitted)); Universitas Educ., LLC v. Nova Grp., Inc., No. 11–CV–1590–LTS–HBP, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) ("A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden.").

[14] *See id.*

[15] Fed. R. Civ. P. 26(c).

[16] *Id.* 26(b)(1).

[17] The court rejects EMServe's unsupported argument regarding judicial notice and Federal Rule of Evidence 201.